ORIGINAL

MAURICE SUH, SBN 147485
msuh@gibsondunn.com
DANIEL WEISS, SBN 242022
dweiss@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Applicant,
Her Majesty The Queen

FILED
CLERK, U.S. DISTRICT COURT
APR 19 2013
CENTRAL DISTRICT OF CALIFORNIA
BY
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

*In re* Application of:

Her Majesty The Queen,

Applicant,

For the Issuance of a Subpoena for the Taking of a Deposition In A Foreign Proceeding Pursuant to 28 U.S.C. § 1782

CASE NO. 2:13 MC 144

**DECLARATION OF MARTIN BEAUDRY IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 FOR THE ISSUANCE OF A SUBPOENA TO PAUL SLOAN FOR THE TAKING OF A DEPOSITION FOR USE IN A FOREIGN PROCEEDING**

## DECLARATION OF MARTIN BEAUDRY

I, Martin Beaudry, declare as follows:

1.     I am counsel in the Tax Law Services of the Department of Justice Canada. I am counsel of record for Her Majesty The Queen (the "Crown") in the case proceeding before the Tax Court of Canada, styled *Jeffrey Sackman v. Her Majesty the Queen*, Docket: 2002-4824(IT)G (the "*Sackman* Case"). Unless otherwise indicated, I have personal knowledge of the matters set forth herein, and would testify to these facts if called upon to do so.

2.     The Tax Court of Canada (the "Tax Court") is a federal superior court in the Canadian judicial system, and was established by the Tax Court of Canada Act. The Tax Court has exclusive jurisdiction over appeals from assessment of tax  as determined by the Minister of National Revenue. In cases arising under the Income Tax Act, the Tax Court hears appeals by taxpayers taken from decisions made by the Minister of Revenue, through the Canada Revenue Agency.

3.     In an appeal before the Tax Court, the Crown is permitted to assert "Further Facts," which are allegations not before the Canada Revenue Agency at the time of the initial assessment. The Crown bears the burden of proving these "Further Facts" during the appeal.

4.     The proceedings before the Tax Court are governed by the Tax Court of Canada Rules (General Procedures) (the "Rules"). The rules provide for both parties to engage in discovery in order to obtain evidence necessary to litigate the appeal. A true and correct copy of an excerpt of the pertinent portion of the Rules is attached hereto as Exhibit A.

5.     The *Sackman* case has followed all of the regularized rules and procedures for a matter before the Tax Court. The Minister of Revenue examined Mr. Sackman's tax return filed for the 2000 taxation year and reassessed the amount of tax owed by Mr. Sackman. Mr. Sackman was notified of this change by Notice of

Reassessment, and Mr. Sackman filed an Objection to the reassessment on July 26, 2002.

6. On December 16, 2002, Mr. Sackman timely appealed the decision of the Minister of Revenue. Mr. Sackman filed an Amended Notice of Appeal on May 10, 2007. A true and correct copy of Mr. Sackman's Amended Notice of Appeal is attached hereto as Exhibit B.

7. The Crown initially responded to Mr. Sackman's Notice of Appeal on March 24, 2003, and later filed an Amended Reply to the Amended Notice of Appeal. A true and correct copy of the Crown's Amended Reply to the Amended Notice of Appeal dated June 23, 2010 is attached hereto as Exhibit C.

8. The key issue in dispute in the *Sackman* Case is the determination of the fair market value of the artwork. The Crown expects that Mr. Sackman will argue that although he purchased the artwork at a discount, there was in fact a retail market for the donated artwork and it is the retail value of the artwork that should be used to determine the amount of the tax deduction. On the other hand, it is the Crown's position that tax credits ought to be calculated on the basis that the amount Mr. Sackman paid for the artwork is the true fair market value of the artwork.

9. The Crown's position is that one of the factors that must be considered in determining the fair market value of donated artwork is the circumstances leading to the donation. This includes both the origins of the art donation program, as well as the acquisition cost of the artwork to the promoters of the donation program. As the owner of the corporations that provided the artwork for use in the donation program, Paul Sloan—a non-party—has first-hand, personal knowledge regarding his participation in the donation program and the acquisition costs for the artwork.

10. Counsel for the Crown made many attempts to obtain Mr. Sloan's evidence and determined that there was no alternative but to seek an Order for commission evidence. True and correct copies of the Crown's motion record and

submissions, which detail these efforts, are attached as Exhibit D. On October 21, 2011, the Tax Court of Canada granted the motion and issued an Order permitting a commission to be held to obtain Mr. Sackman's evidence. Attached hereto as Exhibit E is a true and correct copy of this order and reasons.

11. Attached hereto as Exhibit F is a true and correct copy of the Letter of Request issued by the Registrar of the Tax Court, dated December 19, 2012.

12. Mr. Sackman appealed the Tax Court's order to the Canadian Federal Court of Appeal. However, Mr. Sackman voluntarily dismissed his appeal.

13. Counsel for the Crown intends to introduce the evidence obtained from Mr. Sloan's examination in the *Sackman* Case.

14. In an email sent to me on November 27, 2012, Mr. Sloan indicated that he will accept service of a subpoena. Attached hereto as Exhibit G is a true and correct copy of the email sent to me by Mr. Sloan, dated November 27, 2012.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of April, 2013, at Ottawa, Ontario, Canada.

[signature]
Martin Beaudry

**Exhibit A**

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

USE AT HEARING

**89.** (1) Unless the Court otherwise directs, except with the consent in writing of the other party or where discovery of documents has been waived by the other party, no document shall be used in evidence by a party unless

(*a*) reference to it appears in the pleadings, or in a list or an affidavit filed and served by a party to the proceeding,

(*b*) it has been produced by one of the parties, or some person being examined on behalf of one of the parties, at the examination for discovery, or

(*c*) it has been produced by a witness who is not, in the opinion of the Court, under the control of the party.

(2) Unless the Court otherwise directs, subsection (1) does not apply to a document that is used solely as a foundation for or as part of a question in cross-examination or re-examination.

SOR/2008-303, s. 12.
Previous Version

DISCLOSURE OR PRODUCTION NOT ADMISSION OF RELEVANCE

**90.** The disclosure or production of a document for inspection shall not be taken as an admission of its relevance or admissibility.

EFFECT OF FAILURE TO DISCLOSE OR PRODUCE FOR INSPECTION

**91.** Where a person or party who is required to make discovery of documents under sections 78 to 91 fails or refuses without reasonable excuse to make a list or affidavit of documents or to disclose a document in a list or affidavit of documents or to produce a document for inspection and copying, or to comply with a judgment of the Court in relation to the production or inspection of documents, the Court may,

(*a*) direct or permit the person or party to make a list or affidavit of documents, or a further list or affidavit of documents,

(*b*) direct the person or party to produce a document for inspection and copying,

(*c*) except where the failure or refusal is by a person who is not a party, dismiss the appeal or allow the appeal as the case may be,

(*d*) direct any party or any other person to pay personally and forthwith the costs of the motion, any costs thrown away and the costs of any continuation of the discovery necessitated by the failure to disclose or produce, and

(*e*) give such other direction as is just.

EXAMINATION FOR DISCOVERY

GENERAL

**92.** An examination for discovery may take the form of an oral examination or, at the option of

the examining party, an examination by written questions and answers, but the examining party is not entitled to subject a person to both forms of examination except with leave of the Court.

WHO MAY BE EXAMINED

**93.** (1) A party to a proceeding may examine for discovery an adverse party once, and may examine that party more than once only with leave of the Court.

(2) A party to be examined, other than an individual or the Crown, shall select a knowledgeable current or former officer, director, member or employee, to be examined on behalf of that party, but, if the examining party is not satisfied with that person, the examining party may apply to the Court to name some other person.

(3) The Crown, when it is the party to be examined, shall select a knowledgeable current or former officer, servant or employee, nominated by the Deputy Attorney General of Canada, to be examined on behalf of that party, but, if the examining party is not satisfied with that person, the examining party may apply to the Court to name some other person.

(4) If a current or former officer, director or employee of a corporation or of the Crown has been examined, no other person may be examined without leave of the Court.

(5) Where an appeal is brought by a party under a legal disability,

(*a*) the representative for that party may be examined in place of that party; or

(*b*) at the option of the examining party, the party under a legal disability may be examined if that party is competent to give evidence.

If the representative referred to in paragraph (*a*) is a public official, that person may be examined only with leave of the Court.

(6) Where an appeal is brought by an assignee, the assignor may be examined in addition to the assignee.

(7) Where an appeal is brought by a trustee of the estate of a bankrupt, the bankrupt may be examined in addition to the trustee.

(8) Where a party is entitled to examine for discovery,

(*a*) more than one person under this section, or

(*b*) multiple parties who are in the same interest,

but the Court is satisfied that multiple examinations would be oppressive, vexatious or unnecessary, the Court may impose such limits on the right of discovery as are just.

SOR/2007-142, s. 11; SOR/2008-303, s. 13.
Previous Version

Previous Page
Next Page

89 ... 93 Go to page

Date modified: 2013-04-04

Government of Canada Gouvernement du Canada Canada

Justice Laws Website

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

WHEN MAY EXAMINATION BE HELD

**94.** (1) A party who seeks to examine an appellant for discovery may serve a notice to attend under section 103 or a list of written questions under section 113 only after the reply has been filed and served and, unless the parties agree otherwise, a list of documents under section 81 or 82 has been filed and served.

(2) However, where it appears to the Court that it would be just to allow a party to examine an appellant for discovery other than in accordance with subsection (1) it may so direct.

(3) A party who seeks to examine a respondent for discovery may serve a notice to attend under section 103 or a list of written questions under section 113 only after the respondent has delivered a reply or where the time to do so has expired and, unless the parties agree otherwise, after the examining party has served a list of documents under section 81 or 82.

SOR/2007-142, s. 12.
Previous Version

SCOPE OF EXAMINATION

**95.** (1) A person examined for discovery shall answer, to the best of that person's knowledge, information and belief, any proper question relevant to any matter in issue in the proceeding or to any matter made discoverable by subsection (3) and no question may be objected to on the ground that

(*a*) the information sought is evidence or hearsay,

(*b*) the question constitutes cross-examination, unless the question is directed solely to the credibility of the witness, or

(*c*) the question constitutes cross-examination on the affidavit of documents of the party being examined.

(2) Prior to the examination for discovery, the person to be examined shall make all reasonable inquiries regarding the matters in issue from all of the party's officers, servants, agents and employees, past or present, either within or outside Canada and, if necessary, the person being examined for discovery may be required to become better informed and for that purpose the examination may be adjourned.

(3) A party may on an examination for discovery obtain disclosure of the findings, opinions and conclusions of an expert engaged by or on behalf of the party being examined that relate to a matter in issue in the proceeding including the expert's name and address, but the party being examined need not disclose the information or the name and address of the expert where,

(*a*) the findings, opinions and conclusions of the expert relating to any matter in issue in the appeal were made or formed in preparation for contemplated or pending litigation and for no other purpose, and

(*b*) the party being examined undertakes not to call the expert as a witness at the hearing.

(4) A party may on an examination for discovery obtain disclosure of the names and addresses of persons who might reasonably be expected to have knowledge of transactions or occurrences in

issue in the proceeding, unless the Court orders otherwise.

SOR/93-96, s. 13; SOR/2008-303, s. 14.
Previous Version

EFFECT OF REFUSAL

**96.** (1) Where a party, or a person examined for discovery on behalf or in place of a party, has refused to answer a proper question or to answer a question on the ground of privilege, and has failed to furnish the information in writing not later than ten days after the proceeding is set down for hearing, the party may not introduce at the hearing the information refused on discovery, except with leave of the judge.

(2) The sanction provided by subsection (1) is in addition to the sanctions provided by section 110.

Previous Page
Next Page

94 ... 96 Go to page

Date modified: 2013-04-04

Canada

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

EFFECT OF COUNSEL ANSWERING

**97.** Questions on an oral examination for discovery shall be answered by the person being examined but, where there is no objection, the question may be answered by counsel and the answer shall be deemed to be the answer of the person being examined unless, before the conclusion of the examination, the person repudiates, contradicts or qualifies the answer.

INFORMATION SUBSEQUENTLY OBTAINED

**98.** (1) Where a party has been examined for discovery or a person has been examined for discovery on behalf or in place of, or in addition to the party, and the party subsequently discovers that the answer to a question on the examination,

(*a*) was incorrect or incomplete when made, or

(*b*) is no longer correct and complete,

the party shall forthwith provide the information in writing to every other party.

(2) Where a party provides information in writing under subsection (1),

(*a*) the adverse party may require that the information be verified by affidavit of the party or be the subject of further examination for discovery, and

(*b*) the writing may be treated at a hearing as if it formed part of the original examination of the person examined.

(3) Where a party has failed to comply with subsection (1) or a requirement under paragraph (2)(*a*), and the information subsequently discovered is,

(*a*) favourable to that party's case, the party may not introduce the information at the hearing, except with leave of the judge, or

(*b*) not favourable to that party's case, the Court may give such direction as is just.

DISCOVERY OF NON-PARTIES WITH LEAVE

**99.** (1) The Court may grant leave, on such terms respecting costs and other matters as are just, to examine for discovery any person who there is reason to believe has information relevant to a material issue in the appeal, other than an expert engaged by or on behalf of a party in preparation for contemplated or pending litigation.

(2) Leave under subsection (1) shall not be granted unless the Court is satisfied that,

(*a*) the moving party has been unable to obtain the information from other persons whom the moving party is entitled to examine for discovery, or from the person sought to be examined,

(*b*) it would be unfair to require the moving party to proceed to hearing without having the opportunity of examining the person, and

(*c*) the examination will not,

(i) unduly delay the commencement of the hearing of the proceeding,

(ii) entail unreasonable expense for other parties, or

(iii) result in unfairness to the person the moving party seeks to examine.

(3) A party who examines a person orally under this section shall, if requested, serve any party who attended or was represented on the examination with the transcript free of charge, unless the Court directs otherwise.

(4) The examining party is not entitled to recover the costs of the examination from another party unless the Court expressly directs otherwise.

(5) The evidence of a person examined under this section may not be read into evidence at the hearing under subsection 100(1).

Previous Page
Next Page

97 ... 99 Go to page

Date modified: 2013-04-04

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

USE OF EXAMINATION FOR DISCOVERY AT HEARING

**100.** (1) At the hearing, a party may read into evidence as part of that party's own case, after that party has adduced all of that party's other evidence in chief, any part of the evidence given on the examination for discovery of

(*a*) the adverse party, or

(*b*) a person examined for discovery on behalf of or in place of, or in addition to the adverse party, unless the judge directs otherwise,

if the evidence is otherwise admissible, whether the party or person has already given evidence or not.

(1.1) The judge may, on request, allow the part of evidence referred to in subsection (1) to be read into evidence at a time other than that specified in that subsection.

(2) Subject to the provisions of the *Canada Evidence Act*, the evidence given on an examination for discovery may be used for the purpose of impeaching the testimony of the deponent as a witness in the same manner as any previous inconsistent statement by that witness.

(3) Where only part of the evidence given on an examination for discovery is read into or used in evidence, at the request of an adverse party the judge may direct the introduction of any other part of the evidence that qualifies or explains the part first introduced.

(3.1) A party who seeks to read into evidence under subsection (1) or who requests the judge to direct the introduction of evidence under subsection (3) may, with leave of the judge, instead of reading into evidence, file with the Court a photocopy or other copy of the relevant extracts from the transcripts of the examination for discovery, and when the copy is filed such extracts shall form part of the record.

(4) A party who reads into evidence as part of that party's own case evidence given on an examination for discovery of an adverse party, or a person examined for discovery on behalf of or in place of or in addition to an adverse party, may rebut that evidence by introducing any other admissible evidence.

(5) The evidence given on the examination for discovery of a party under legal disability may be read into or used in evidence at the hearing only with leave of the judge.

(6) Where a person examined for discovery,

(*a*) has died,

(*b*) is unable to testify because of infirmity or illness,

(*c*) for any other sufficient reason cannot be compelled to attend at the hearing, or

(*d*) refuses to take an oath or make an affirmation or to answer any proper question,

any party may, with leave of the judge, read into evidence all or part of the evidence given on the examination for discovery as the evidence of the person examined, to the extent that it would be admissible if the person were testifying in Court.

(7) In deciding whether to grant leave under subsection (6), the judge shall consider,

(*a*) the extent to which the person was cross-examined on the examination for discovery,

(*b*) the importance of the evidence in the proceeding,

(*c*) the general principle that evidence should be presented orally in Court, and

(*d*) any other relevant factor.

(8) Where an appeal has been discontinued or dismissed and another appeal involving the same subject matter is subsequently brought between the same parties or their representatives or successors in interest, the evidence given on an examination for discovery taken in the former appeal may be read into or used in evidence at the hearing of the subsequent appeal as if it had been taken in the subsequent appeal.

SOR/96-503, s. 2; SOR/2008-303, s. 15.
Previous Version

Previous Page
Next Page

100 Go to page

Date modified: 2013-04-04

Tax Court of Canada Rules (General Procedure) Page 1 of 2

Government of Canada Gouvernement du Canada Canada

Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

EXAMINATIONS OUT OF COURT

APPLICATION OF SECTIONS 102 TO 112

**101.** Sections 102 to 112 apply to all oral examinations for which provision is made in these rules including,

(*a*) an oral examination for discovery,

(*b*) the taking of evidence before hearing,

(*c*) the cross-examination on an affidavit, and

(*d*) the examination out of Court of a witness before hearing of a pending motion.

MODE OF EXAMINATION

**102.** (1) An oral examination shall be held before a person agreed upon by the parties, who may be the verbatim reporter, or some other person if directed by the Court.

(2) Unless otherwise directed by the Court or the parties otherwise agree, an examination that takes place in Canada shall be under oath or upon affirmation as provided in the *Canada Evidence Act*.

(3) Unless otherwise directed by the Court, or the parties otherwise agree, an examination shall be recorded by a verbatim reporter and arrangements for the attendance of a reporter shall be made by the party conducting the examination, who shall pay the reporter's fees.

(4) If the person being examined understands neither English nor French, or is deaf or mute, the examining party shall provide and pay the fees and disbursements of a competent and independent interpreter who shall take an oath or make an affirmation to interpret accurately the administration of the oath or affirmation, the questions to be put to the person being examined and the person's answers.

(5) Where the examination is to be conducted in one of the official languages and the person to be examined would prefer to be examined in the other official language, the examining party shall advise the Registrar, and the Registrar shall then appoint an interpreter, at no cost to the parties, who shall take an oath or make an affirmation to interpret accurately the administration of the oath or affirmation and the questions to be put to the person being examined and the person's answers.

(6) The transcript of the examination shall be certified as correct by the person who recorded the examination, but need not be read to or signed by the person examined.

SOR/2004-100, s. 13(F); SOR/2008-303, s. 16.
Previous Version

MANNER OF REQUIRING ATTENDANCE

**103.** (1) Where the person to be examined is a party to the proceeding, a notice to attend shall be served (Form 103(1)),

(*a*) on the party's counsel of record, or

http://laws-lois.justice.gc.ca/eng/regulations/SOR-90-688a/page-22.html 2013-04-05

(*b*) where the party acts in person, on the party, personally and not by an alternative to personal service.

(2) Where a person is to be examined on behalf or in place of a party, a notice to attend shall be served,

(*a*) on the party's counsel of record, or

(*b*) on the person to be examined, personally and not by an alternative to personal service.

(3) Where a person is to be cross-examined on an affidavit, a notice to attend shall be served,

(*a*) on the counsel for the party who filed the affidavit, or

(*b*) where the party who filed the affidavit acts in person, on the person to be cross-examined, personally and not by an alternative to personal service.

(4) Where the person to be examined,

(*a*) is neither a party nor a person referred to in subsection (2) or (3), and

(*b*) resides in Canada,

the person shall be served with a subpoena personally and not by an alternative to personal service and the provisions of section 141 apply with such modifications as are necessary. (Form 103(4))

(5) When a subpoena is served on a person, witness fees and expenses calculated in accordance with Schedule II, Tariff A shall be paid or tendered to the witness at the same time.

(6) Section 142 (compelling attendance of witness in custody) applies to the securing of the attendance for examination of a person in custody.

Previous Page
Next Page

101 ... 103 Go to page

Date modified: 2013-04-04



**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

NOTICE OF TIME AND PLACE

**104.** The person to be examined shall be given not less than ten days notice of the time and place of the examination, unless the Court directs otherwise.

PRODUCTION OF DOCUMENTS ON EXAMINATION

**105.** (1) Unless the parties otherwise agree, or the Court otherwise directs, the person to be examined shall bring to the examination and produce for inspection,

(*a*) on an examination for discovery, all documents as required by subsection 85(3), and

(*b*) on all other examinations, such documents as may be required by subsection 105(3).

(2) Where a person admits, on an examination, that he or she has possession or control of or power over any other document that relates to a matter in issue in the proceeding and that is not privileged, the person shall produce it for inspection by the examining party forthwith, if the person has the document at the examination, and if not, within ten days thereafter, unless the Court directs otherwise.

(3) The notice to attend for examination or subpoena may require the person to be examined to bring to the examination and produce for inspection,

(*a*) all documents and things relevant to any matter in issue in the proceeding that are in that person's possession, control or power and that are not privileged, or

(*b*) such documents or things described in paragraph (*a*) as are specified in the notice or subpoena,

unless the Court directs otherwise.

SOR/2008-303, s. 17.
Previous Version

RE-EXAMINATION

**106.** (1) A person being examined for discovery may be re-examined by his or her own counsel.

(2) A person being cross-examined on his or her affidavit may be re-examined by his or her own counsel.

(3) The re-examination shall take place immediately after the examination or cross-examination and shall not take the form of a cross-examination.

OBJECTIONS AND RULINGS

**107.** (1) Where a question is objected to, the objector shall state briefly the reason for the objection, and the question and the brief statement shall be recorded.

(2) A question that is objected to may be answered with the objector's consent, and where the question is answered, a ruling shall be obtained from the Court before the evidence is used at a hearing.

(3) A ruling on the propriety of a question that is objected to and not answered may be obtained on motion to the Court.

IMPROPER CONDUCT OF EXAMINATION

**108.** (1) An examination may be adjourned by the person being examined or by a party present or represented at the examination, for the purpose of moving for directions with respect to the continuation of the examination or for an order terminating the examination or limiting its scope, where,

(*a*) the right to examine is being abused by an excess of improper questions or interfered with by an excess of improper interruptions or objections,

(*b*) the examination is being conducted in bad faith, or in an unreasonable manner so as to annoy, embarrass or oppress the person being examined,

(*c*) many of the answers to the questions are evasive, unresponsive or unduly lengthy, or

(*d*) there has been a neglect or improper refusal to produce a relevant document on the examination.

(2) Where the Court finds that,

(*a*) a person's improper conduct necessitated a motion under subsection (1), or

(*b*) a person improperly adjourned an examination under subsection (1),

the Court may direct the person to pay personally and forthwith the costs of the motion, any costs thrown away and the costs of any continuation of the examination and the Court may fix the costs and give such other direction as is just.

Previous Page
Next Page

104 ... 108 Go to page

Date modified: 2013-04-04

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**
Full Document: HTML | XML [414 KB] | PDF [957 KB]
Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

VIDEOTAPING OR OTHER RECORDING OF EXAMINATION

**109.** (1) On consent of the parties or by direction of the Court, an examination may be recorded by videotape or other similar means and the tape or other recording may be filed for the use of the Court along with the transcript.

(2) Section 111 applies, with necessary modifications, to a tape or other recording made under subsection (1).

SANCTIONS FOR DEFAULT OR MISCONDUCT BY PERSON TO BE EXAMINED

**110.** Where a person fails to attend at the time and place fixed for an examination in the notice to attend or subpoena, or at the time and place agreed on by the parties, or refuses to take an oath or make an affirmation, to answer any proper question, to produce a document or thing that that person is required to produce or to comply with a direction under section 108, the Court may,

(*a*) where an objection to a question is held to be improper, direct or permit the person being examined to reattend at that person's own expense and answer the question, in which case the person shall also answer any proper questions arising from the answer,

(*b*) where the person is a party or, on an examination for discovery, a person examined on behalf of or in place of a party, dismiss the appeal or allow the appeal as the case may be,

(*c*) strike out all or part of the person's evidence, including any affidavit made by the person, and

(*d*) direct any party or any other person to pay personally and forthwith costs of the motion, any costs thrown away and the costs of any continuation of the examination.

FILING OF TRANSCRIPT

**111.** (1) It is the responsibility of a party who intends to refer to evidence given on an examination to have a copy of the transcript of the examination available for filing with the Court.

(2) A copy of a transcript for the use of the Court at hearing shall not be filed until a party refers to it at hearing, and the presiding judge may read only the portions to which a party refers.

EXAMINATION WHERE PERSON OUTSIDE CANADA

**112.** (1) Where the person to be examined resides outside of Canada the Court may determine,

(*a*) whether the examination is to take place in or outside of Canada,

(*b*) the time and place of the examination,

(*c*) the minimum notice period,

(*d*) the amount of witness fees and expenses to be paid to the person to be examined, and

(*e*) any other matter respecting the holding of the examination.

(2) Where the person is to be examined outside of Canada, the direction under subsection (1) shall, if the moving party requests it, provide for the issuing of,

(*a*) a commission (Form 112(2)(*a*)) authorizing the taking of evidence before a named commissioner, and

(*b*) a letter of request (Form 112(2)(*b*) — REQUEST) directed to the judicial authorities of the jurisdiction in which the person is to be found, requesting the issuing of such process as is necessary to compel the person to attend and be examined before the commissioner, and the direction shall be in Form 112(2)(*b*)A — DIRECTION.

(3) The commission and letter of request shall be prepared and issued by the Registrar.

(4) Where the person to be examined resides outside of Canada and is not a party or a person to be examined on behalf of or in place of a party, the examining party shall pay or tender to the person to be examined the amount of witness fees and expenses fixed under subsection (1).

(5) A commissioner shall, to the extent that it is possible to do so, conduct the examination in the form of oral questions and answers in accordance with these rules, the laws of evidence of Canada and the terms of the commission, unless some other form of examination is required by the judgment or the law of the place where the examination is conducted.

(6) As soon as the transcript of the examination is prepared the commissioner shall,

(*a*) return the commission, together with the original transcript and exhibits, to the Registrar who issued it,

(*b*) keep a copy of the transcript and, where practicable, the exhibits, and

(*c*) notify the parties who appeared at the examination that the transcript is complete and has been returned to the Registrar who issued the commission.

(7) The Registrar shall send the transcript to the counsel for the examining party and the counsel shall, if requested, forthwith serve every other party with the transcript free of charge.

SOR/2004-100, s. 14(F).

Previous Page
Next Page

109 ... 112        Go to page

Date modified:  2013-04-04

Tax Court of Canada Rules (General Procedure) Page 1 of 2

Government of Canada Gouvernement du Canada

Canada

Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**

Full Document: HTML | XML [414 KB] | PDF [957 KB]

Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

## PROCEDURE ON EXAMINATION FOR DISCOVERY BY WRITTEN QUESTIONS

### QUESTIONS

**113.** An examination for discovery by written questions and answers shall be conducted by serving a list of the questions to be answered on the person to be examined. (Form 113)

### ANSWERS

**114.** Written questions shall be answered by the affidavit of the person being examined, served on the examining party within thirty days after service of the list of questions. (Form 114)

### OBJECTIONS

**115.** An objection to answering a written question shall be made in the affidavit of the person being examined, with a brief statement of the reason for the objection.

### FAILURE TO ANSWER

**116.** (1) Where the examining party is not satisfied with an answer or where an answer suggests a new line of questioning, the examining party may, within fifteen days after receiving the answer, serve a further list of written questions which shall be answered within thirty days after service.

(2) Where the person being examined refuses or fails to answer a proper question or where the answer to a question is insufficient, the Court may direct the person to answer or give a further answer to the question or to answer any other question either by affidavit or on oral examination.

(3) Where the Court is satisfied, on reading all the answers to the written questions, that some or all of them are evasive, unresponsive or otherwise unsatisfactory, the Court may direct the person examined to submit to oral examination on such terms respecting costs and other matters as are just.

(4) Where a person refuses or fails to answer a proper question on a written examination or to produce a document which that person is required to produce, the Court may, in addition to imposing the sanctions provided in subsections (2) and (3),

(*a*) if the person is a party or a person examined on behalf of or in place of a party, dismiss the appeal or allow the appeal as the case may be,

(*b*) strike out all or part of the person's evidence, and

(*c*) give such other direction as is just.

### IMPROPER CONDUCT OF WRITTEN EXAMINATION

**117.** On motion by the person being examined, or by any party, the Court may terminate the written examination or limit its scope where,

(*a*) the right to examine is being abused by an excess of improper questions, or

(*b*) the examination is being conducted in bad faith, or in an unreasonable manner so as to annoy, embarrass or oppress the person being examined.

http://laws-lois.justice.gc.ca/eng/regulations/SOR-90-688a/page-25.html 2013-04-05

### FILING QUESTIONS AND ANSWERS

**118.** Sanction 111 applies, with necessary modifications, to the filing of written questions and answers for the use of the Court.

### TAKING EVIDENCE BEFORE HEARING

#### WHERE AVAILABLE

**119.** (1) A party who intends to introduce the evidence of a person at a hearing may, with leave of the Court or the consent of the parties, examine the person on oath or affirmation before the hearing for the purpose of having the person's testimony available to be tendered as evidence at the hearing.

(2) In exercising its discretion to direct an examination under subsection (1), the Court shall take into account,

(*a*) the convenience of the person whom the party seeks to examine,

(*b*) the possibility that the person will be unavailable to testify at the hearing by reason of death, infirmity or sickness,

(*c*) the possibility that the person will be beyond the jurisdiction of the Court at the time of the hearing,

(*d*) the expense of bringing the person to the hearing,

(*e*) whether the witness ought to give evidence in person at the hearing, and

(*f*) any other relevant consideration.

(3) Before moving for leave to examine an expert witness under subsection (1), the moving party shall serve on every other party the report of the expert witness referred to in subsection 145(2) unless the Court directs otherwise.

---

Previous Page
Next Page

113 ... 119 Go to page

Date modified: 2013-04-04

Tax Court of Canada Rules (General Procedure) Page 1 of 2

Government of Canada Gouvernement du Canada

Justice Laws Website

Home | Laws Website Home | Consolidated Regulations | SOR/90-688a - Table of Contents | SOR/90-688a

**Tax Court of Canada Rules (General Procedure) (SOR/90-688a)**

Full Document: HTML | XML [414 KB] | PDF [957 KB]

Regulations are current to 2013-03-18 and last amended on 2008-11-20. Previous Versions

Previous Page
Next Page

PROCEDURE

**120.** (1) Subject to subsection (2), sections 101 to 112 apply to the examination of a witness under section 119, unless the Court directs otherwise.

(2) A witness examined under section 119 may be examined, cross-examined and re-examined in the same manner as a witness at a hearing.

EXAMINATIONS OUTSIDE CANADA

**121.** Where a direction is given under section 119 for the examination of a witness outside of Canada, the direction shall, if the moving party requests it, provide for the issuing of a commission and letter of request under section 112 and for the taking of the evidence of the witness and, on consent of the parties, any other witness in the same jurisdiction, and the direction shall be in Form 112(2)(*b*)A — DIRECTION.

USE AT HEARING

**122.** (1) Any party may use at the hearing the transcript and a videotape or other recording of an examination under sections 119 and 121 as the evidence of the witness, unless the Court directs otherwise for any sufficient reason.

(2) A witness whose evidence has been taken under section 119 or 121 shall not be called to give evidence at the hearing, except with leave of the judge.

(3) Use of evidence taken under section 119 or 121 is subject to any ruling by the judge respecting its admissibility.

(4) The transcript and a videotape or other recording may be filed with the Court at the hearing and need not be read or played at the hearing unless a party or the judge requires it.

LISTING FOR HEARING

HOW APPEAL IS SET DOWN FOR HEARING

**123.** (1) After the close of pleadings, any party to an appeal, who is not in default under these rules or a judgment of the Court and who is ready for hearing, may apply in writing to the Registrar to fix the time and place of hearing.

(2) Where all parties agree on the making of a joint application, it shall be made in Form 123.

(3) Where all parties do not agree on making a joint application, the party making the application shall file a memorandum containing the information, as far as the applicant is concerned, required in Form 123 and shall serve a copy of the memorandum on all other parties and those parties shall, within ten days of service of the memorandum, file and serve on the party applying a similar memorandum.

(4) Subject to any direction by the Chief Justice, the Registrar, or a person designated by the Registrar or the Chief Justice, may,

(*a*) upon receipt of a joint application,

(*b*) upon receipt of an application and of the separate memorandum of each party, or

http://laws-lois.justice.gc.ca/eng/regulations/SOR-90-688a/page-26.html 2013-04-05

**Exhibit B**

Court No. 2002-4824 (IT) G

**TAX COURT OF CANADA**

In re the Income Tax Act, R.S.C. 1985, c. 1 (5th Supp.)

BETWEEN:

JEFFREY SACKMAN

Appellant

- and –

HER MAJESTY THE QUEEN

Respondent

**AMENDED NOTICE OF APPEAL**

**A. STATEMENT OF FACTS**

1. The appellant appeals from a reassessment for his 2000 taxation year which bears a date of mailing of May 17, 2002 and the serial number 2142327.

2. The appellant served a notice of objection to the reassessment dated July 26, 2002, sent by registered mail on July 29, 2002.

3. More than 90 days have elapsed after the service of the appellant's notice of objection and the Minister has not notified the taxpayer that the Minister has vacated or confirmed the reassessment or reassessed.

4. The appellant accordingly appeals to this Honourable Court pursuant to paragraph 169(1)(b) of the Income Tax Act, R.S.C., 1985, c.1 (5th Supp. (the "Act").

5. In his 2000 taxation year, the appellant donated works of art to a number of registered charities and received receipts which valued the donations at $771,262.60 pursuant to paragraph 118.1(2)(a) of the Act.

6. The works of art donated by the appellant were purchased by him in 1999 and 2000.

6(a). At material times the Canada Revenue Agency ("CRA") published administrative policy and bulletins about the procedure to be followed with respect to donations and charitable gifts (the "CRA Publications").

6(b). The appellant followed precisely and relied upon the CRA Publications.

6(c). The CRA has a long history of accepting valuations from certified professional appraisers in allowing such deductions.

6(d). The CRA Publications contained a complete code for donations and charitable gifts.

6(e). In 1999 the CRA warned taxpayers about potential pitfalls in charitable donations in one of its CRA Publications. The CRA set out a protocol to be followed, to avoid problems. The appellant fully complied.

6(f). The CRA reassessed the appellant, notwithstanding his compliance with their publications and without any appraisal evidence of its own to suggest that the fair market value was less than claimed.

6(g). The appellant alleges that the CRA should have amended the Act (which it ultimately did) if it wanted to stop charitable art donations. Instead it administered the "Act" to accomplish this result ignoring its own publications.

6(h). The appellant alleges that the fair market value has always been accepted by the CRA as the retail value, where a retail market exists for the art donated. The appellant alleges that there was a retail market for the art he donated and the value in such market was at least equal to, and often greater than, the value in the receipts provided by the charities.

7. In purchasing and donating the works of art, the appellant relied upon appraisals prepared by professional appraisers.

8. Particulars of the purchase price of the works of art together with deemed proceeds of disposition and taxable capital gains, if any, are set out in Schedule "A" to this Notice of Appeal.

~~9. The appellant also claimed a carry forward of donations in the amount of $25,272.35 relating to works of art donated by him in the prior taxation year.~~

10. In purchasing and donating the works of art in the prior taxation year, the appellant also relied upon appraisals prepared by professional appraisals.

11. In the reassessment under appeal, the Minister entirely disallowed the tax credits claimed by the appellant with respect to the donation of such works of art and imposed a penalty pursuant to subsection 163(2) of the Act.

12. Although the reassessment denied the donations claimed, it included in the appellant's income the amount of $180,631.19 in respect of taxable capital gains on the works of art donated by the appellant.

**B. ISSUES TO BE DECIDED**

13. There are three issues to be decided in this Appeal:

a) the value of the works of art donated by the appellant in 2000;

b) ~~the availability of a donation carry forward in the amount of $25,272.35~~; and

c) if the value of the works of art donated by the appellant in 2000 was less than $771,262.60 ~~(or the carry forward was less than $25,272.35)~~, did the conduct of the appellant amount to gross negligence for the purposes of subsection 163(2) of the Act so as to permit the imposition of a penalty under that provision.

## C. STATUTORY PROVISIONS AND GROUNDS RELIED UPON

14. The works of art in question were worth not less than $771,262.60 at the time the appellant donated them in 2000.

~~15. The appellant had a donation carry forward of not less than $25,272.35 in his 2000 taxation year.~~

16. The value of the works of art was determined by the registered charities which issued receipts to the appellant and the Minister does not have jurisdiction to question the amount of the receipts claimed by the appellant.

16(a). The appellant acted reasonably in relying upon the CRA Publications.

17. The appellant acted reasonably in relying upon appraisals of the works of art prepared by professional appraisers.

18. The appellant relies, inter alia, on sections 46 and 118.1 of the Act, the definition of "amount" contained in subsection 248(1) of the Act and section 3501 of the Regulations under the Act.

## D. RELIEF SOUGHT

19. The appellant requests:

   a) That the reassessment under appeal be referred back to the Minister for reassessment on the basis that the appellant in entitled to the tax credits claimed by him in respect of the donation of works of art in 2000 ~~and the $25,272.35 carry forward claimed by him~~;

   b) In the alternative, that the taxable capital gains in the amount of $180,631.19 be reduced accordingly if the value of any of the works of art giving rise to such taxable gain is determined to be less than the amount reported by the appellant;

c) In the alternative, that the penalty assessed against the appellant pursuant to subsection 163(2) be vacated;

d) His costs of this appeal; and

e) Such further or other relief as counsel may advise and this Honourable Court think fit.

DATED at the City of Toronto, in the Province of Ontario, this 16th day of December, 2002. Amended at the City of Toronto, in the Province of Ontario, this 10TH day of May, 2007.

TO: The Registrar
Tax Court of Canada
180 Queen Street West
Suite 200
Toronto, Ontario
M5V 3L6

Teplitsky, Colson LLP
Barristers & Solicitors
200 – 70 Bond Street
Toronto, Ontario
M5B 1X3

Martin Teplitsky, QC
Tel: 416-365-9320
Fax: 416-365-7702

Per: [signature] for MT

Counsel for the Appellant

Department of Justice
Ontario Regional Office
The Exchange Tower
130 King St. West
Suite 3400, Box 36
Toronto, Ontario
M5X 1K6

Perry Derksen

Tel: 416-952-1504

Counsel for the Respondent

Schedule "A" - Part I - Prints Acquired Before February 28, 2000

| PrintName | Artist | Appraisal Value * | FX ** | FMV | Proceeds *** | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Anemonies | Faulconer | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Anemonies | Faulconer | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Anemonies | Faulconer | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom | D'Orazio | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom | D'Orazio | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom | D'Orazio | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom Glory | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom Glory | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom Glory | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom Glory | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Apple Blossom Glory | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Apples | Karwoski | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Artist and Model | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Artist and Model | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Artist and Model | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Ballet 1 (Pink) | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Ballet 1 (Pink) | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Ballet 1 (Pink) | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Ballet 2 (red) | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Ballet 2 (red) | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Ballet 2 (red) | Jonson | $950.00 | $1.46 | $1,383.49 | $1,000.00 | $1,000.00 | $0.00 |
| Beach at Brighton | Faulconer | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Beach at Brighton | Faulconer | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Beach at Brighton | Faulconer | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Beauty and the Beast | Bragg | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Beauty and the Beast | Bragg | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Beauty and the Beast | Bragg | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Belly Dancer | Pardo | $725.00 | $1.46 | $1,055.82 | $1,000.00 | $1,000.00 | $0.00 |
| Belly Dancer | Pardo | $725.00 | $1.46 | $1,055.82 | $1,000.00 | $1,000.00 | $0.00 |
| Belly Dancer | Pardo | $725.00 | $1.46 | $1,055.82 | $1,000.00 | $1,000.00 | $0.00 |

| PrintName | Artist | Appraisal Value * | FX ** | FMV | Proceeds *** | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Blue Bouquet | Ensrud | $2,000.00 | $1.46 | $2,912.60 | $1,000.00 | $1,000.00 | $0.00 |
| Blue Bouquet | Ensrud | $2,000.00 | $1.46 | $2,912.60 | $1,000.00 | $1,000.00 | $0.00 |
| Boldest Native | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Boldest Native | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Boldest Native | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Boldest Native | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Boldest Native | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Buena Fortuna | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Buena Fortuna | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Buena Fortuna | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Buena Fortuna | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Buena Fortuna | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Butterfly Cup | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Butterfly Cup | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Butterfly Cup | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Calvary Charge | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Calvary Charge | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Calvary Charge | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Calvary Charge | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Calvary Charge | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Camelot (Knight Rider) | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Circle of Church | Rabinovich | $1,100.00 | $1.46 | $1,601.93 | $1,000.00 | $1,000.00 | $0.00 |
| Circle of Church | Rabinovich | $1,100.00 | $1.46 | $1,601.93 | $1,000.00 | $1,000.00 | $0.00 |
| Contraction | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Contraction | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Country Paradise (Eisenhower Farm) | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Country Paradise (Eisenhower Farm) | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Country Paradise (Eisenhower Farm) | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Country Paradise (Eisenhower Farm) | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |

| [illegible] Name | Artist | Appraisal Value | FX | FMV | Proceeds | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Crossing the Divide | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Crossing the Divide | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Crossing the Divide | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Crossing the Divide | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Crossing the Divide | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Crossing the Divide | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Crossing the Divide | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Crystal (blue) | Peters | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Crystal (blue) | Peters | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Crystal (blue) | Peters | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Crystal (blue) | Peters | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Cycle II | Rosenblum | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Cycle II | Rosenblum | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Cycle III | Rosenblum | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Day on a Farm | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Day on a Farm | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Day on a Farm | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Desperado | Jonson | $875.00 | $1.46 | $1,274.26 | $1,000.00 | $1,000.00 | $0.00 |
| Desperado | Jonson | $875.00 | $1.46 | $1,274.26 | $1,000.00 | $1,000.00 | $0.00 |
| Desperado | Jonson | $875.00 | $1.46 | $1,274.26 | $1,000.00 | $1,000.00 | $0.00 |
| Early Morning Departure | Muller, Dodi | $700.00 | $1.46 | $1,018.41 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.48 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Emergence | Laventhol | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Fall Ferns | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Fall Ferns | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Fall Ferns | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |

| PrintName | Artist | Appraisal Value * | FX | FMV | Proceeds *** | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Falling in Love | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Falling in Love | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Falling in Love | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Falling in Love | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Fan Figuration | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Fan Figuration | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Fan Figuration | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Fan Figuration | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Geese In Flight | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Geese In Flight | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Geese In Flight | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Gold Field 1905 | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Gold Field 1905 | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Gold Field 1905 | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Grand Canyon Suite II | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Grand Canyon Suite II | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Grand Canyon Suite II | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Grand Canyon Suite II | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Grand Canyon Suite II | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Green Winged Teal | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Green Winged Teal | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Green Winged Teal | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Guilty -Objection Overruled | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| Guilty -Objection Overruled | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| Head & Upper Torso | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Head & Upper Torso | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Head & Upper Torso | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Herbs on Pink Background | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Herbs on Pink Background | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Herbs on Pink Background | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Herbs on Pink Background | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Herbs on Pink Background | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |

| Print Name | Artist | Appraisal Value $ | FX # | FMV | Proceeds | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Heroes | Brusca | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Heroes | Brusca | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Heroes | Brusca | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Imaginary Triangle | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Imaginary Triangle | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Impressions | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Impressions | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Impressions | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| In the Clear | Knigin | $78.00 | $1.46 | $113.59 | $1,000.00 | $1,000.00 | $0.00 |
| In the Clear | Knigin | $78.00 | $1.46 | $113.59 | $1,000.00 | $1,000.00 | $0.00 |
| In the Clear | Knigin | $78.00 | $1.46 | $113.59 | $1,000.00 | $1,000.00 | $0.00 |
| In the Clear | Knigin | $78.00 | $1.46 | $113.59 | $1,000.00 | $1,000.00 | $0.00 |
| Infinitive | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Infinitive | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Infinitive | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Interchange | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Interchange | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Interchange | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Interchange | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Island Woman | Azuz | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Island Woman | Azuz | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Johnny Jump Up | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Johnny Jump Up | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Johnny Jump Up | Faulconer | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Kahlua Lark - Horse and Dog | McLean, Richard | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Kahlua Lark - Horse and Dog | McLean, Richard | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Kahlua Lark - Horse and Dog | McLean, Richard | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Le Bistro | Azuz | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Le Bistro | Azuz | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |

| PrintName | Artist | Appraisal Value * | FX ** | FMV | Proceeds *** | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Le Bistro | Azuz | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Looking for Strays | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Looking for Strays | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Looking for Strays | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Mount Shasta | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Mount Shasta | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Mount Shasta | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Nocturne | Bragg | $1,400.00 | $1.46 | $2,038.82 | $1,000.00 | $1,000.00 | $0.00 |
| Nocturne | Bragg | $1,400.00 | $1.46 | $2,038.82 | $1,000.00 | $1,000.00 | $0.00 |
| Nocturne | Bragg | $1,400.00 | $1.46 | $2,038.82 | $1,000.00 | $1,000.00 | $0.00 |
| Oh for a Horse | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Oh for a Horse | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Oh for a Horse | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Oh for a Horse | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Oh for a Horse | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| On the Spanish Trail | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| On the Spanish Trail | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| On the Spanish Trail | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| On the Spanish Trail | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Pansies | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Pansies | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Pansies | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Pansies | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Pansies | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Pansies | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Paris Barge | Faulconer | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Paris Barge | Faulconer | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Peregrine | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Peregrine | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Peregrine | Forrest | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Pinwheel | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Pinwheel | Peters | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |

32

| PrintNames | Artist | Appraisal Value | FX | FMV | Proceeds | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Portrait of an Old Flyer | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Portrait of an Old Flyer | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Portrait of an Old Flyer | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Portrait of an Old Flyer | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Portrait of an Old Flyer | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Portrait of an Old Flyer | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Portrait of an Old Flyer | Clift | $900.00 | $1.46 | $1,310.67 | $1,000.00 | $1,000.00 | $0.00 |
| Ready CB | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| Ready CB | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| Ready CB | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| Red Ferns | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Red Ferns | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Reflected Landscape | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Reflected Landscape | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Reflected Landscape | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Reflected Landscape | Simon | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Santa Margharita | Ensrud | $2,000.00 | $1.46 | $2,912.60 | $1,000.00 | $1,000.00 | $0.00 |
| Santa Margharita | Ensrud | $2,000.00 | $1.46 | $2,912.60 | $1,000.00 | $1,000.00 | $0.00 |
| Satin Doll | McLean, Richard | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Anger | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Anger | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Anger | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Envy | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Envy | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Gluttony | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Gluttony | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Gluttony | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Greed | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Greed | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Lust | Bragg | $1,100.00 | $1.46 | $1,601.93 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Lust | Bragg | $1,100.00 | $1.46 | $1,601.93 | $1,000.00 | $1,000.00 | $0.00 |

| [illegible] | Artist | Appraisal Value | FRX | FMV | Proceeds | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Seven Deadly Sins - Lust | Bragg | $1,100.00 | $1.46 | $1,601.93 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Vanity | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Seven Deadly Sins - Vanity | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Sienna | Carter Clarence | $765.00 | $1.46 | $1,114.07 | $1,000.00 | $1,000.00 | $0.00 |
| Sienna | Carter Clarence | $765.00 | $1.46 | $1,114.07 | $1,000.00 | $1,000.00 | $0.00 |
| Sienna | Carter Clarence | $765.00 | $1.46 | $1,114.07 | $1,000.00 | $1,000.00 | $0.00 |
| Skier | Jonson | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Skier | Jonson | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Skier | Jonson | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Skiing II | Schaare | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Bouquet | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Bouquet | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Bouquet | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Bouquet | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Bouquet | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Bouquet | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Hope - Robins Eggs | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Hope - Robins Eggs | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Spring Hope - Robins Eggs | Faulconer | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Springtime in Gettysburg | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Springtime in Gettysburg | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Springtime in Gettysburg | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Springtime in Gettysburg | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| Springtime in Gettysburg | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |

32

| PrintName | Artist | Appraisal Value * | FX ** | FMV | Proceeds *** | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Springtime in Gettysburg | Ameche | $745.00 | $1.46 | $1,084.94 | $1,000.00 | $1,000.00 | $0.00 |
| State 2 Monawk | Melnick | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| State 2 Mohawk | Melnick | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Sweet Violet - Rose/Flower | Brusca | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Sweat Violet - Rose/Flower | Brusca | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Sweet Violet - Rose/Flower | Brusca | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| Sweet Violet - Rose/Flower | Brusca | $700.00 | $1.46 | $1,019.41 | $1,000.00 | $1,000.00 | $0.00 |
| The Blacksmith Shop | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| The Blacksmith Shop | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| The Blacksmith Shop | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| The Blacksmith Shop | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| The Blacksmith Shop | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| The Blacksmith Shop | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| The Chess Player | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| The Chess Player | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| The Eighth Day | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| The Eighth Day | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| The Eighth Day | Bragg | $1,200.00 | $1.46 | $1,747.56 | $1,000.00 | $1,000.00 | $0.00 |
| The Music Lesson | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| The Music Lesson | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| The Music Lesson | Bragg | $1,000.00 | $1.46 | $1,456.30 | $1,000.00 | $1,000.00 | $0.00 |
| Veternarian | Bragg | $1,500.00 | $1.46 | $2,184.45 | $1,000.00 | $1,000.00 | $0.00 |
| Waiting for the new arrival | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Waiting for the new arrival | Purcell | $850.00 | $1.48 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Waiting for the new arrival | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Waiting for the new arrival | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Waiting for the new arrival | Purcell | $850.00 | $1.46 | $1,237.86 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |

| PrintName | Artist | Appraisal Value * | FX ** | FMV | Proceeds *** | ACB | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Willowbrook Road | Christiansen | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Winter | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Winter | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Winter | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Winter | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Winter | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Winter | Ameche | $720.00 | $1.46 | $1,048.54 | $1,000.00 | $1,000.00 | $0.00 |
| Woman Playing a Poppin | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Woman Playing a Poppin | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Woman Playing a Poppin | Knigin | $750.00 | $1.46 | $1,092.23 | $1,000.00 | $1,000.00 | $0.00 |
| Writing Box | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Writing Box | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Writing Box | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Writing Box | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Writing Box | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Writing Box | Faulconer | $800.00 | $1.46 | $1,165.04 | $1,000.00 | $1,000.00 | $0.00 |
| Your Witness | Bragg | $1,050.00 | $1.46 | $1,529.12 | $1,000.00 | $1,000.00 | $0.00 |
| | | | | | | | |
| TOTAL | | | | | | $300,000.00 | $0.00 |

* U.S. Dollars

** Foreign Exchange Rate

*** Amount Elected Pursuant to Subsection 118.1(6) of the Act

**Schedule "A" - Part II - Prints Acquired After February 27, 2000**

| Print Name | Artist | Appraisal Value * | FX ** | FMV | Proceeds | ACB *** | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Litho 'Rainbow Reef' | BraggCL | $5,800.00 | $1.5293 | $8,869.94 | $8,869.94 | $1,439.72 | $3,715.11 |
| Litho 'Nature morte sur gueridon' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'Portrait of Olga Picasso' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'By Appointment' | BraggCharles | $1,600.00 | $1.5293 | $2,446.88 | $2,446.88 | $397.16 | $1,024.86 |
| Litho 'Anesthesia 1848' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'Justice Department, Retroactive Division' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'Les fils de l'artiste (enfant dejeunant)' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Night Vision' | BraggCL | $4,000.00 | $1.5293 | $6,117.20 | $6,117.20 | $992.91 | $2,562.15 |
| Litho 'Antique Ambulance' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'Marc Chagall' | BraggCharles | $1,200.00 | $1.5293 | $1,835.16 | $1,835.16 | $297.87 | $768.64 |
| Litho 'Chevalier en armure, page et femme nue' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'Femme assise dans un fauteuil tresse' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Rainbow Reef' | BraggCL | $5,800.00 | $1.5293 | $8,869.94 | $8,869.94 | $1,439.72 | $3,715.11 |
| Litho 'Sleeper II' | BraggCL | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'Tete de morte, lampe cruches et poireaux' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Tete de morte, lampe cruches et poireaux' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Tete de morte, lampe cruches et poireaux' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Nature morte au verre' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Nature morte au verre' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Nature morte au verre' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Portrait d'un homme debout avec barbiche' | Picasso | $2,100.00 | $1.5293 | $3,211.53 | $3,211.53 | $521.28 | $1,345.13 |
| Litho 'Portrait d'un homme debout avec barbiche' | Picasso | $2,100.00 | $1.5293 | $3,211.53 | $3,211.53 | $521.28 | $1,345.13 |
| Litho 'Portrait d'un homme debout avec barbiche' | Picasso | $2,100.00 | $1.5293 | $3,211.53 | $3,211.53 | $521.28 | $1,345.13 |
| Litho 'And He Saw that it was good (manbaby)' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'And He Saw that it was good (manbaby)' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'Rainbow Reef' | BraggCL | $5,800.00 | $1.5293 | $8,869.94 | $8,869.94 | $1,439.72 | $3,715.11 |
| Litho 'The Perfect Couple(golfers)' | BraggCharles | $1,300.00 | $1.5293 | $1,988.09 | $1,988.09 | $322.70 | $832.70 |

27

xii.

| Print Name | Artist | Appraisal Value * | FX ** | FMV | Proceeds | ACB *** | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Litho 'Tete de morte, lampe cruches et poireaux' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Cosmic Dance' | BraggCL | $2,800.00 | $1.5293 | $4,282.04 | $4,282.04 | $695.04 | $1,793.50 |
| Litho 'Justice Department, Retroactive Division' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'Les fils de l'artiste (enfant dejeunant)' | Picasso | $2,300.00 | $1.5293 | $3,517.38 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Psychiatrist' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'The Emperor Takes a Leak 2' | BraggCL | $1,200.00 | $1.5293 | $1,835.16 | $1,835.16 | $297.87 | $768.64 |
| Litho 'Jungle Story' | BraggCL | $4,800.00 | $1.5293 | $7,340.64 | $7,340.64 | $1,191.49 | $3,074.58 |
| Litho 'The Fifth Day' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'The Jury' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'The Klondike Bar and Grill' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'Cultured Cat' | BraggCL | $2,600.00 | $1.5293 | $3,976.18 | $3,976.18 | $645.39 | $1,665.39 |
| Litho 'Chevalier en armure, page et femme nue' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'African Watering Hole' | BraggCL | $6,300.00 | $1.5293 | $9,634.59 | $9,634.59 | $1,563.83 | $4,035.38 |
| Litho 'Rainbow Reef' | BraggCL | $5,800.00 | $1.5293 | $8,869.94 | $8,869.94 | $1,439.72 | $3,715.11 |
| Litho 'Don Quixote(on horse)' | BraggCharles | $1,300.00 | $1.5293 | $1,988.09 | $1,988.09 | $322.70 | $832.70 |
| Litho 'Anesthesia 1848' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'Viking' | BraggCharles | $1,200.00 | $1.5293 | $1,835.16 | $1,835.16 | $297.87 | $768.64 |
| Litho 'Morning (1st edition)' | BraggCL | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'The Emperor Takes a Leak' | BraggCL | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'Song of the Sea' | BraggCL | $5,000.00 | $1.5293 | $7,646.50 | $7,646.50 | $1,241.13 | $3,202.68 |
| Litho 'Antique Ambulance' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'Cyrano de Bergerac' | BraggCharles | $1,200.00 | $1.5293 | $1,835.16 | $1,835.16 | $297.87 | $768.64 |
| Litho 'Marc Chagall' | BraggCharles | $1,200.00 | $1.5293 | $1,835.16 | $1,835.16 | $297.87 | $768.64 |
| Litho 'Open House' | BraggCharles | $1,300.00 | $1.5293 | $1,988.09 | $1,988.09 | $322.70 | $832.70 |
| Litho 'Legend of Aurora' | BraggCL | $5,600.00 | $1.5293 | $8,564.08 | $8,564.08 | $1,390.07 | $3,587.00 |
| Litho 'Morning (1st edition)' | BraggCL | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'Quatre Nus au Harem' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'And He Saw that it was good (manbaby)' | BraggCharles | $1,500.00 | $1.5293 | $2,293.95 | $2,293.95 | $372.34 | $960.80 |
| Litho 'Tete de femme' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |

29

| Print Name | Artist | Appraisal Value | FX | FMV | Proceeds | ACB*** | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Litho 'Portrait of Marie-Therese Walter' | Picasso | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'Portrait of Marie-Therese Walter' | Picasso | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'Portrait of Marie-Therese Walter' | Picasso | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'Femme assise dans un fauteuil' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Femme assise dans un fauteuil' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Femme assise dans un fauteuil' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Jeux de page' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'Jeux de page' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'Jeux de page' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'Tete de femme' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Quatre Nus au Harem' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'Femme au chapeau gris' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Arlequin moustache a la guitare' | Picasso | $2,000.00 | $1.5293 | $3,058.60 | $3,058.60 | $496.45 | $1,281.07 |
| Litho 'Arlequin moustache a la guitare' | Picasso | $2,000.00 | $1.5293 | $3,058.60 | $3,058.60 | $496.45 | $1,281.07 |
| Litho 'Femme assise dans un fauteuil tresse' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Femme assise dans un fauteuil tresse' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Le Bouquet' | Picasso | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'Le Bouquet' | Picasso | $2,500.00 | $1.5293 | $3,823.25 | $3,823.25 | $620.57 | $1,601.34 |
| Litho 'Pigeons' | Picasso | $2,100.00 | $1.5293 | $3,211.53 | $3,211.53 | $521.28 | $1,345.13 |
| Litho 'Pigeons' | Picasso | $2,100.00 | $1.5293 | $3,211.53 | $3,211.53 | $521.28 | $1,345.13 |
| Litho 'Femme debout' | Picasso | $2,100.00 | $1.5293 | $3,211.53 | $3,211.53 | $521.28 | $1,345.13 |
| Litho 'Femme debout' | Picasso | $2,100.00 | $1.5293 | $3,211.53 | $3,211.53 | $521.28 | $1,345.13 |
| Litho 'Swan Song' | BraggCL | $3,000.00 | $1.5293 | $4,587.90 | $4,587.90 | $744.68 | $1,921.61 |
| Litho 'Quatre Nus au Harem' | Picasso | $2,200.00 | $1.5293 | $3,364.46 | $3,364.46 | $546.10 | $1,409.18 |
| Litho 'Femme dans un fauteuil' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Swan Song' | BraggCL | $3,000.00 | $1.5293 | $4,587.90 | $4,587.90 | $744.68 | $1,921.61 |
| Litho 'Legend of Aurora' | BraggCL | $5,600.00 | $1.5293 | $8,564.08 | $8,564.08 | $1,390.07 | $3,587.00 |
| Litho 'Rescue the Reef' | BraggCL | $4,800.00 | $1.5293 | $7,340.64 | $7,340.64 | $1,191.49 | $3,074.58 |
| Litho 'Rescue the Reef' | BraggCL | $4,800.00 | $1.5293 | $7,340.64 | $7,340.64 | $1,191.49 | $3,074.58 |

29

| Print Name | Artist | Appraisal Value | FX | FMV | Proceeds | ACB *** | Taxable Capital Gain |
|---|---|---|---|---|---|---|---|
| Litho 'Rescue the Reef' | BraggCL | $4,800.00 | $1.5293 | $7,340.64 | $7,340.64 | $1,191.49 | $3,074.58 |
| Litho 'Visage de femme de face' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Visage de femme de face' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Visage de femme de face' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'The Sixth Day' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'The Sixth Day' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'The Sixth Day' | BraggCharles | $1,400.00 | $1.5293 | $2,141.02 | $2,141.02 | $347.52 | $896.75 |
| Litho 'Tete de femme' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Femme dans un fauteuil' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Legend of Aurora' | BraggCL | $5,600.00 | $1.5293 | $8,564.08 | $8,564.08 | $1,390.07 | $3,587.00 |
| Litho 'Beauty and the Reef' | BraggCL | $4,500.00 | $1.5293 | $6,881.85 | $6,881.85 | $1,117.02 | $2,882.41 |
| Litho 'Beauty and the Reef' | BraggCL | $4,500.00 | $1.5293 | $6,881.85 | $6,881.85 | $1,117.02 | $2,882.41 |
| Litho 'Beauty and the Reef' | BraggCL | $4,500.00 | $1.5293 | $6,881.85 | $6,881.85 | $1,117.02 | $2,882.41 |
| Litho 'Buste de petite fille' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Buste de petite fille' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Buste de petite fille' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| Litho 'Song of the Sea' | BraggCL | $5,000.00 | $1.5293 | $7,646.50 | $7,646.50 | $1,241.13 | $3,202.68 |
| Litho 'Song of the Sea' | BraggCL | $5,000.00 | $1.5293 | $7,646.50 | $7,646.50 | $1,241.13 | $3,202.68 |
| Litho 'Song of the Sea' | BraggCL | $5,000.00 | $1.5293 | $7,646.50 | $7,646.50 | $1,241.13 | $3,202.68 |
| Litho 'Femme au chapeau gris' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Femme au chapeau gris' | Picasso | $2,400.00 | $1.5293 | $3,670.32 | $3,670.32 | $595.74 | $1,537.29 |
| Litho 'Femme dans un fauteuil' | Picasso | $2,300.00 | $1.5293 | $3,517.39 | $3,517.39 | $570.92 | $1,473.23 |
| **TOTAL** | | | | | $431,262.60 | $69,999.95 | $180,631.19 |

* U.S. Dollars

** Foreign Exchange Rate

*** Converted from U.S. Dollars (FX rate of 1.5293)

1636377_1.DOC

22

Court No. 2002-4824 (IT) G

**TAX COURT OF CANADA**

BETWEEN:

**JEFFREY SACKMAN**

Appellant

- and -

**HER MAJESTY THE QUEEN**

Respondent

---

**NOTICE OF APPEAL**

---

TEPLITSKY COLSON LLP
Barristers
70 Bond Street
Suite 200
Toronto, ON, M5B 1X3

**Martin Teplitsky, Q.C.**
Tel: No. (416) 365-9320
Fax:No. (416) 365 -7702

Counsel for the Appellant



TC
TEPLITSKY, COLSON LLP
BARRISTERS

Suite 200, 70 Bond Street
Toronto, Ontario
M5B 1X3
Telephone: (416) 365-9320
Facsimile: (416) 365-7702

MATTHEW SOKOLSKY
Direct Line: (416) 865-5347

August 22, 2007

**Via Facsimile Transmission**

Perry Derksen
Department of Justice
Ontario Regional Office
The Exchange Tower
130 King Street West
Suite 3400, Box 36
Toronto, Ontario M5X 1K6

Dear Mr. Derksen:

Re: **Sackman, Jeffrey v. H.M.Q.**
**Court File No. 2002-4824(IT)G**
**Our File No. 19287**

Please find enclosed our Amended Notice of Appeal, served upon you pursuant to the *Rules of Civil Procedure*.

Yours truly,

TEPLITSKY, COLSON LLP

M Sokolsky per sl.

Matthew Sokolsky
MS/sl

Encl.

BLUEBIRDonline.com (888) 477 - 0700

**Exhibit C**

2002-4824(IT)G

**TAX COURT OF CANADA**

BETWEEN:

**JEFFREY SACKMAN**

Appellant

and

**HER MAJESTY THE QUEEN**

Respondent

## FURTHER AMENDED REPLY TO AMENDED NOTICE OF APPEAL

In reply to the Appellant's Amended Notice of Appeal ("Notice of Appeal") with respect to the 2000 taxation year, the Deputy Attorney General of Canada says:

### A. STATEMENT OF FACTS

1. He admits the allegations of fact stated in paragraph 11 of the Notice of Appeal.

2. He has no knowledge of and puts in issue the allegations of fact stated in paragraphs 7, 8 and 10 of the Notice of Appeal.

2A He denies the allegations of fact stated in paragraphs 6(b), 6(c), 6(d), 6(f), 6(g) and 6(h) of the Notice of Appeal.

3. With respect to paragraph 5 of the Notice of Appeal, he admits that the Appellant donated prints (including etchings, serigraphs, and lithographs) and reproductions of art by various artists to a number of registered

charities in his 1999 and 2000 years (the "prints"). He also states that the Appellant received receipts from the charities in respect of the prints donated in 2000, totalling $771,262.60. He denies all other allegations of fact in that paragraph.

4. With respect to the allegations of fact in paragraph 6, he states that the Appellant obtained the prints in 1999 and 2000. He has no knowledge of the events and puts in issue the purchase price of the prints.

4A With respect to paragraph 6(a) of the Notice of Appeal, he admits that the Canada Revenue Agency ("CRA") published a pamphlet concerning gifts and income tax, he says that the document speaks for itself and is not binding, and he denies the remaining allegations of fact.

4B With respect to paragraph 6(e) of the Notice of Appeal, he admits that the CRA issued a warning on art donation schemes, he says the document speaks for itself and is not binding, and he denies the remaining allegations of fact.

5. With respect to paragraph 9 of the Notice of Appeal, he admits that the Appellant claimed a carry forward of donations in the amount of $25,272.35 (the "carry forward") but denies that the Appellant is entitled to the carry forward or to any tax credit calculated on the basis of the carry forward.

6. With respect to paragraph 12, he states that the Minister of National Revenue (the "Minister") reassessed the Appellant for his 2000 taxation year by Notice dated May 17, 2002 (the "Reassessment"). In so doing, the Minister disallowed entirely the tax credit claimed by the Appellant in respect of the prints and the carry forward and assessed a penalty under subsection 163(2) of the *Income Tax Act*. In reassessing, the Minister took the position that the fair market value of the prints could not exceed the amount the Appellant paid for them. As the Appellant did not produce any evidence of the payment, the Minister assumed that the cost of the prints, and therefore their fair market value, was nil. However, for purposes of this appeal, the Minister concedes that the prints must have had some value. ~~The primary issue in this appeal is whether the prints had at least three times as much value when they were donated as they did when the Appellant acquired them. The acquisition date and the donation were only months apart.~~

7. The Minister did not delete the taxable capital gain reported by the Appellant in respect of the prints because the Minister's assessing position was that, to the extent that the fair market value of the prints when they were donated exceeded the cost of the prints when they were acquired, there would be a taxable capital gain on their disposition, as the prints were not personal use property to the Appellant. The Deputy Attorney General now accepts that the prints were personal-use property, but says they are also listed personal property.

8. He denies all other allegations of fact in the Notice of Appeal.

9. The Appellant objected to the Reassessment by Notice of Objection dated July 26, 2002. The Appellant then appealed to the Tax Court of Canada by Notice of Appeal dated December 16, 2002.

9A The Deputy Attorney General now accepts that the Appellant is not liable for a penalty under subsection 163(2) of the *Income Tax Act*.

10. In making the Reassessment, the Minister made, *inter alia*, the following assumptions:

***Fair Market Value of the Prints***

a) In 1999 and 2000, the Appellant obtained the prints from an intermediary, Artistic Ideas Inc. ("Artistic");

b) Artistic arranged for and provided statements of value for the prints purchased by the Appellant (the "Statements");

c) The Statements exceeded by at least 300% the amount paid by the Appellant for the prints;

d) Artistic prearranged or promised to arrange for charities to accept the prints as donations and indicated that the charities would provide receipts in respect of the prints for the precise amounts on the Statements;

e) In his 1999 and 2000 taxation years, the Appellant donated the prints to various charities as arranged by Artistic;

f) The charities issued receipts for the Appellant's donations reflecting the amounts indicated on the Statements, which were at least

300% more than the amount paid by the Appellant to acquire them only months earlier;

g) The Appellant claimed a tax credit in respect of his donation of the prints to the charities in his 1999 and 2000 taxation years (the "tax credit");

h) The Appellant's claim for the tax credit was based on the amounts indicated on the Statements and on the receipts issued by the charities;

i) The amounts indicated on the Statements exceed by at least 300% the fair market value of the prints at the time of their donation;

i.1) The fair market value of the prints at the time of their donation was no greater than the purchase price paid by the Appellant;

~~***The Prints are not Personal Use Property***~~

j) If the Appellant took possession of the prints, he took possession for only a brief period of time;

k) The Appellant donated the prints shortly after he acquired them;

~~l) The Appellant did not use the prints primarily for his personal use or enjoyment;~~

~~***Appellant's Gross Negligence***~~

~~m) The Appellant knowingly overstated, or was grossly negligent in overstating, the amount of his total charitable gifts, including the carry forward, made in his 2000 taxation year by $647,232, which represents the inflation by at least 300% of the fair market value of the prints; and~~

~~n) The Appellant claimed a tax credit in respect of the prints calculated on the basis that the prints had a fair market value of at least 300% of the amount he claims he paid for the prints.~~

**Further Facts**

11. He also states the following facts in support of the Minister's position in this appeal regarding the fair market value of the prints~~, the Appellant's liability to penalty~~, and the Appellant's liability to a taxable ~~capital~~ net gain on the disposition of the prints:

***The Scheme***

a) Artistic promoted an art donation scheme, which it marketed to Canadian taxpayers as a tax avoidance arrangement;

b) Under the tax avoidance arrangement, taxpayers would purchase art from a U.S. vendor, through Artistic, donate it to charities as arranged by Artistic, receive charitable donation receipts in amounts that were at least 300% greater than the amount the taxpayers paid to acquire the art, and claim a tax credit based on the receipts (the "scheme");

c) the vendor in 1998, 1999 and until February 28, 2000 was Coleman Fine Arts Ltd ("Coleman");

d) the vendor of the art in the latter part of 2000 was Silver Fine Arts Ltd. ("Silver");

e) both Coleman and Silver were owned by Paul Sloan, a resident of the United States;

f) Coleman and Silver paid as little as $40 for the art;

g) ~~Artistic masterminded the scheme~~;

h) Taxpayers typically paid up to $3,500 for a group of 11 prints in the 1999 taxation year, and until February 28, 2000, and between $3,500 and $3,750 for groups of varying sizes between March 1, 2000 and December 31, 2000; ~~and for certain services provided by Artistic. The $3,500 was typically distributed as follows: $1,730 to Artistic for the various services that it provided in relation to the acquisition and donation of the prints and $1,770 to the vendor of the prints ($1,770 divided by 11 = $161 per print)~~ ;

i) in exchange for the fee paid for the groups of prints, the taxpayer also received various services including shipping, storage, finding a charity willing to accept the art, delivery of the art, arranging for an appraisal with a value at least three times the price the taxpayer paid for the art, payment of a storage fee to the charity and ensuring that a donation receipt was issued to the taxpayer;

j) The Appellant was one of the taxpayers who participated in the scheme promoted by Artistic; he participated in his 1998, 1999 and 2000 taxation years;

***The Acquisition and Donation of the Prints***

k) The Appellant donated 447 prints in his 2000 taxation year, some of which he obtained in 1999 and some of which he obtained in 2000, to charities with whom Artistic had arranged to accept the prints as donations;

l) The Appellant purported to pay $131,600 for 40 groups of 11 prints in the 1999 taxation year;

m) The Appellant purported to pay $105,000 by promissory note for 30 groups of 11 prints between January 1, 2000 and February 28, 2000;

n) The Appellant purported to pay $70,000 by promissory note for 20 groups of prints, totalling 107 prints, between March 1, 2000 and December 31, 2000;

o) The charities issued receipts to the Appellant which he submitted with the return of income for his 2000 taxation year;

p) The Appellant claimed $647,232 in respect of the prints in calculating his total charitable gifts for the 2000 taxation year;

q) The calculation of the Appellant's tax credit assumed that the prints donated in 2000 had a fair market value of $771,262.60 at the time of donation;

r) The fair market value of the 447 prints at the time of donation was, at most, the amount paid for the prints by the Appellant;~~$71,967 $142,146 (from paragraph 11(d): $161 $3500 / 11 = $318 x 447); and~~

~~***The Prints were not personal use property***~~

~~s) The Appellant realized a capital gain on the disposition of the prints to the extent that their fair market value exceeded the Appellant's cost.~~

t) The Appellant acquired and donated the prints in groups. The cost and the fair market value of the groups donated were both in excess of $1,000.

**B. ISSUES TO BE DECIDED**

12. The issues to be decided are:

i) ~~What was the fair market value of the prints at the time of donation at least 300% more than the Appellant's claimed cost of the prints only months earlier and what amount should be included in respect of the prints in total charitable gifts, under~~ What was the fair market value of the donated prints for the purposes of subsection 118.1(3) of the *Income Tax Act*?

ii) ~~Were the donated prints personal-use property within the meaning of section 54 of the *Income Tax Act* and, therefore, d~~Did the disposition of the donated prints give rise to a taxable ~~capital~~ net gain from the disposition of listed personal property, to the extent, if any, that their fair market value exceeded their cost?[1]

~~iii) Did the Appellant knowingly or in circumstances amounting to gross negligence make, participate in, assent to, or acquiesce in the making of, a false statement or omission in his claim for the tax credit under subsection 118.1(3) for his 2000 taxation year, such that a penalty under subsection 163(2) was applicable?~~

[1] The cost of the prints to the Appellant is also in issue because the Appellant did not produce any evidence of his cost, as stated in paragraph 6 of this Reply.

**C. STATUTORY PROVISIONS, GROUNDS RELIED ON, AND RELIEF SOUGHT**

13. He relies, *inter alia*, on sections 3, 38, 39(1)(a), 40(1)(a), 41, 46, 54, 69(1)(b), 118.1, 152(9), ~~163(2)~~ and 248(1) of the *Income Tax Act* and sections 3500 and 3501 of the *Income Tax Regulations.*

***Fair Market Value of Prints***

14. He respectfully submits that the fair market value of the 447 prints at the time of donation was ~~$71,967,~~ at most the price paid for the prints by the Appellant. The Appellant's total charitable gifts for the purposes of section 118.1 of the *Income Tax Act* should be calculated on the basis of the fair market value of the prints as determined by this Court.

***~~The prints were not personal use property~~***

~~15. He submits that the donated prints were not personal-use property as defined in section 54 of the *Income Tax Act*, and that, therefore, to the extent that the fair market value of the prints at the time of donation exceeded their adjusted cost base, the Appellant realized a taxable capital gain on the disposition of the prints, in accordance with paragraph 38(a) of the *Income Tax Act*.~~

***Taxable Net Gain***

15A He submits that the Appellant acquired and donated the prints in groups. The Appellant's cost and the fair market value of the groups donated are both in excess of $1,000. As such, the Appellant's adjusted cost base and

proceeds of disposition would not be deemed to be $1,000 in accordance with the deeming rule in subsection 46(1) of the *Income Tax Act* with respect to the prints acquired before February 28, 2000 and the "excluded property" rule in subsection 46(5) of the *Income Tax Act* would apply with respect to the prints acquired after February 27, 2000.

15B Therefore, to the extent that the fair market value of the prints donated exceeded the Appellant's adjusted cost base, the Appellant realized a taxable net gain from the disposition of listed personal property pursuant to subsection 41 of the *Income Tax Act*. Accordingly, a taxable net gain would have to be included in the Appellant's income pursuant to paragraph 3(b) of the *Income Tax Act*.

***Appellant was grossly negligent***

~~16. He respectfully submits that the Appellant, knowingly or in circumstances amounting to gross negligence, made or participated in, acquiesced in or assented to the making of, a false statement in his return of income for his 2000 taxation year by representing that the fair market value of the prints was at least 300% more than what it cost him to acquire the prints only months earlier and claiming a tax credit on that basis. The Appellant is liable to a penalty under subsection 163(2) of the *Income Tax Act*.~~

***Relief Requested***

17. He requests that the matter be referred back to the Minister of National Revenue for reconsideration and reassessment on the basis that:

a) ~~The Appellant's tax credit in respect of the prints be allowed on the basis of the fair market value of the prints as determined by this Court~~ the fair market value of the prints was no greater than the price paid for them by the Appellant;

b) The Appellant realized a taxable ~~capital~~ net gain from the disposition of listed personal property to the extent, if any, that the fair market value of the prints exceeded the Appellant's cost; and

c) The Appellant is not liable to penalty pursuant to subsection 163(2) of the *Income Tax Act*.

18. He also asks for costs of this appeal.

Originally DATED at the City of Toronto, Ontario, this 24th day of March, 2003 and amended on March 12, 2007 and further amended on August 29, 2007, further amended again on June 23, 2010.

John H. Sims, Q.C.
Deputy Attorney General of Canada
Solicitor for the Respondent

Per: Jenna Clark / Martin Beaudry
Erin Strashin
Department of Justice
Ontario Regional Office
The Exchange Tower
130 King St. West
Suite 3400, Box 36
Toronto, Ontario
M5X 1K6

Tel: (416) 954-4306
Fax: (416) 973-0810

Counsel for the Respondent

TO: The Registrar
Tax Court of Canada
180 Queen Street West
Suite 200
Toronto, Ontario
M5V 3L6

AND TO: Martin Teplitsky, Q.C.
Teplitsky Colson
70 Bond Street, Ste. 200
Toronto, Ontario
M5B 1X3

Tel: (416) 365-9320
Fax: (416) 365-7702

2002-4824(IT)G

**TAX COURT OF CANADA**

BETWEEN:

**JEFFREY SACKMAN**

Appellant

and

**HER MAJESTY THE QUEEN**

Respondent

---

## FURTHER AMENDED REPLY TO AMENDED NOTICE OF APPEAL

---

John H. Sims, Q.C.
Deputy Attorney General of Canada
Per: Jenna Clark / Martin Beaudry
Erin Strashin
Department of Justice
Ontario Regional Office
The Exchange Tower
130 King St. West
Suite 3400, Box 36
Toronto, Ontario
M5X 1K6

Tel: (416) 954-4306
Fax: (416) 973-0810
File: 3-504992
Counsel for the Respondent