**THIS IS EXHIBIT "S"**
**referred to in the affidavit of**
**Laura Alescio**
This _30th_ day of September, 2011

**Commissioner for Taking Affidavits**

**Department of Justice
Canada**

Department of Justice
Tax Law Services
Bank of Canada Building
East Tower, 9th Floor
Room 909
Ottawa, Ontario
K1A 0H8

**Ministère de la Justice
Canada**

Section des Services du droit fiscal
Édifice Banque du Canada, Tour Est
234, rue Wellington
Ottawa, Ontario
K1A 0H8

*Tel:* (613) 957-4814
*Fax:* (613) 941-2293
*Email:* Martin.Beaudry@justice.gc.ca

*Our File:*
*Notre dossier:* 3-504992

*Your File:*
*Votre dossier:*

February 25, 2011

**VIA FACSIMILE & PRIORITY POST**

Teplitsky Colson
Barristers and Solicitors
70 Bond Street, Suite 200
Toronto, Ontario
M5B 1X3

**Attention: Martin Teplitsky**

Dear Sir:

Re:     **SACKMAN, Jeffrey v. H.M.Q.**
        **Court File No.: 2002-4824(IT)G**

Further to our letter dated January 12, 2011 and Mr. Sokolsky's email of January 14, 2011, we are enclosing for your review and consent a draft Order and a draft Notice of Motion along with the draft Affidavit of Laura Alescio. For simplification purpose, we did not enclose exhibits D and E to Ms. Alescio's affidavit as we trust they are in your possession. As indicated in our January 12, 2011 correspondence, we believe that both the appellant and the respondent will be served by the taking of Mr. Sloan's evidence in this appeal. As such, you will notice that the enclosed Notice of Motion and Affidavit contain noncontentious facts which should enable your client to agree to the relief sought.

Please advise us of your position at your earliest convenience.

Yours truly,

Martin Beaudry

Martin Beaudry
Counsel
Tax Law Services

Encl.

c.c.     CRA

Canada

2002-4824(IT)G

## TAX COURT OF CANADA

BETWEEN:

### JEFFREY SACKMAN

Appellant,

and

### HER MAJESTY THE QUEEN,

Respondent.

(the Honourable Justice          )          (Day and date order made)
(Court seal)

### ORDER

UPON reading the Respondent's notice of motion seeking an Order granting leave to examine

Paul Sloan in California, USA, before the hearing, on oath or affirmation for the purpose of

having his testimony to be tendered as evidence at the hearing of the appeal;

AND UPON hearing the submissions of counsel for both parties;

AND the Respondent having requested the issuance of a commission and letter of request with

respect to the witness referred to above;

THE COURT DIRECTS AS FOLLOWS:

1.  The evidence of the witness Paul Sloan shall be taken on oath or affirmation in

    California, USA, before the hearing, at a time and place to be determined.

2.  The Registrar shall prepare and issue a commission naming _____ of the Tax Court of Canada as commissioner to take the evidence of the witness for use in the hearing.

3.  The Registrar shall prepare and issue a letter of request addressed to the judicial authorities of the State of California, USA, requesting they initiate the process necessary to compel the witness to attend and be examined before the commissioner.

THE COURT FURTHER ORDERS THAT :

4.  All issues relating to costs with respect to this motion shall be left to the discretion of the trial judge.

5.  All expenses incurred by the Commissioner with respect to the commission evidence of Paul Sloan shall be reimbursed by the Respondent.

6.  Reasonable travel expenses incurred by the Appellant with respect to the commission evidence of Paul Sloan with the exception of professional fees shall be reimbursed by the Respondent.

7.  The reimbursement of travel expenses incurred by the Appellant shall be limited to economy class travel for two people, hotel costs up to $200 per night per room, and meals and incidentals at the rates prescribed by the Treasury Board Secretariat for government travelers.

8.  With respect to paragraphs 6, 7 and 8 of this Order, the ultimate reimbursement of costs shall be left to the discretion of the trial judge.

Signed in the city of Ottawa, Ontario, this _____

_____

DRAFT

2002-4824(IT)G

## TAX COURT OF CANADA

BETWEEN:

### JEFFREY SACKMAN

Appellant

- and -

### HER MAJESTY THE QUEEN

Respondent

## <u>NOTICE OF MOTION</u>

**TAKE NOTICE THAT** the Respondent will make a motion to the Court on     , 2011 at 9:30 a.m. or as soon thereafter as counsel may be heard at the Tax Court of Canada, Federal Judicial Centre, 180 Queen Street West, 6th Floor, Toronto, Ontario.

**THE MOTION IS FOR** a Direction

   a) pursuant to Rule 119 of the *Tax Court of Canada Rules (General Procedure)* granting leave to examine Mr. Paul Sloan, in California, USA, before the hearing of this appeal, on oath or affirmation, for the purpose of having his testimony available to be tendered as evidence at the hearing of the appeal;

and

   b) pursuant to Rules 112, 119 and 121, providing for

-2-

     i)     the issuance of a commission authorizing the taking of

           evidence before a named commissioner;

     ii)    the appointment of the trial judge as the named

           commissioner; and

     iii)   the issuance of a letter of request directed to the judicial

           authorities of the State of California, USA for the issuance

           of such process as is necessary to compel Paul Sloan to

           attend and be examined before the commissioner.

## THE GROUNDS FOR THE MOTION ARE:

1. The Respondent wishes to call Paul Sloan, a resident of California, as a witness at trial as Mr. Sloan can give evidence about material facts in dispute.

2. The Respondent will be prejudiced if Mr. Sloan's evidence is not made available to the trial judge.

3. Mr. Sloan does not want to travel to Canada for the purpose of testifying at trial.

4. There is no apparent prejudice to the Appellant.

5. This application is made *bona fide* and not for any improper purpose.

6. The Respondent relies on sections 112, 119, 121, and 122 of the *Tax Court Rules (General Procedure)*.

-3-

**THE FOLLOWING DOCUMENTARY OR OTHER EVIDENCE** may be used at the hearing of the motion:

1. The affidavit of Laura Alescio, sworn      , 2011.

2. The pleadings.

3. Such further and other material as counsel may advise and this Honourable Court permit.


**THE ESTIMATED DURATION** of this hearing will be approximately one hour.

DATED at the City of Ottawa, Ontario, this    day of    , 2011.


Myles J. Kirvan
Deputy Attorney General of Canada

Per:   Jenna Clark
Martin Beaudry
Erin Strashin
Counsel for the Respondent

Department of Justice
Tax Law Services Section
Bank of Canada Building
East Tower, 9th Floor
234 Wellington Street
Ottawa, Ontario
K1A 0H8

Telephone:   (613) 957-4814
Facsimile:   (613) 941-2293

-4-

TO:       Tax Court of Canada
          200 Kent Street
          4th Floor
          Ottawa, Ontario
          K1A 0M1


AND TO:   Martin Teplitsky
          Matthew Sokolsky
          Teplitsky Colson
          Barristers and Solicitors
          70 Bond Street, Suite 200
          Toronto, Ontario
          M5B 1X3

DRAFT

2002-4824(IT)G

## TAX COURT OF CANADA

BETWEEN:

### JEFFREY SACKMAN

Appellant

- and -

### HER MAJESTY THE QUEEN

Respondent

## AFFIDAVIT

I, Laura Alescio, of the City of Toronto, in the Province of Ontario, MAKE OATH AND
SAY AS FOLLOWS:

1.      I am employed as a paralegal, in the Tax Law Services Section of the Department
        of Justice in Toronto, Ontario. I have been assigned to this file since 2002, and as
        such have personal knowledge of the matters hereinafter deposed to, save and
        except what is stated to be on information and belief, and where so stated, I verily
        believe them to be true.

2.      This appeal concerns the Minister of National Revenue's (the "Minister")
        reassessment of the Appellant's 2000 taxation year, wherein the Minister
        disallowed a tax credit claimed by the Appellant in respect of donated art prints.

-2-

3.  The issue in this appeal the fair market value of 447 prints the Appellant donated in the 1999 and 2000 taxation year to various charities.

4.  The Further Amended Reply to the Amended Notice of Appeal states that Artistic Ideas Inc. ("Artistic") promoted an art donation program which was marketed to taxpayers, including the Appellant, as a tax avoidance arrangement.

5.  During his examination for discovery, the Appellant admitted that he appointed Artistic as his agent for the purposes of acquiring prints and for the purposes of donating them to charities in return for charitable donation receipts.  Attached to this my Affidavit and marked as Exhibit "A" is a true copy of an excerpt from the transcript of the Examination for Discovery of Jeffrey Sackman conducted on December 11, 2006 wherein he makes such admission.

6.  The Appellant also admitted during examination for discovery that Artistic purchased the artwork on his behalf from two American companies known as Coleman Fine Arts ("Coleman") and Silver Fine Arts ("Silver").  Attached to this my Affidavit and marked as Exhibit "B" is a true copy of an excerpt from the transcript of the Examination for Discovery of Jeffrey Sackman conducted on December 11, 2006 wherein he makes such admission.

7.  Coleman sold art to the Appellant, through Artistic, in 1998, 1999 and until February 28, 2000.

8.  Silver sold art to the Appellant, through Artistic, in the latter part of 2000.

9.  Both Coleman and Silver were owned by Paul Sloan, a resident of the United States.

-3-

10.    In the GST tax appeal 2003-1855(GST)G *Artistic Ideas Inc.* v. *Her Majesty the Queen*, a commission was held in Beverly Hills, California on November 29, 2006, at the request of Artistic Ideas Inc. for the purpose of obtaining the evidence of Paul Sloan. Attached to this my Affidavit and marked as Exhibit "C" is a true copy of the Motion Record filed by counsel for Artistic Ideas Inc. which includes a Notice of Motion dated September 1, 2006 and an affidavit sworn by Paul Sloan dated August 31, 2006.

11.    This commission was held in the context of a GST appeal and I have reviewed the transcript and I note that the evidence the respondent is seeking in the current appeal from Mr. Sloan is very similar to the evidence that he gave during the commission in 2006. In order to avoid incurring the cost of another commission for the purpose of securing the evidence of Paul Sloan, the respondent served on the appellant a Request to Admit dated August 19, 2010 pursuant to Section 130 of the *Tax Court of Canada Rules (General Procedure)*. Attached to this my Affidavit and marked as Exhibit "D" is a true copy of the Request to Admit together with the transcript evidence of Paul Sloan and covering letter both dated August 19, 2010.

12.    By letter dated August 23, 2010, counsel for the appellant advised counsel for the respondent that he would refuse to admit any of the facts and documents stated in the Request to Admit. Attached to this my Affidavit and marked as Exhibit "E" is a true copy of the letter dated August 23, 2010 sent by counsel for the appellant advising of his refusals.

-4-

13. By letter dated August 25, 2010, counsel for the respondent wrote to Mr. Sloan in order to make initial contact and to discuss Mr. Sloan's voluntarily attendance as a witness for the respondent at the hearing. Attached to this my Affidavit and marked as Exhibit "F" is a true copy of the letter dated August 25, 2010 sent by counsel for the respondent to Mr. Sloan.

14. I am advised by Martin Beaudry and verily believe, that on September 8, 2010, he spoke with Mr. Sloan via telephone conversation. During the conversation, Mr. Sloan informed that he will not voluntarily attend at trial in Canada. Mr. Sloan indicated that he is 75 years old and does not want to travel to Canada.

15. By letter dated August 13, 2010, counsel for the respondent wrote to Mr. Sloan confirming his refusal to attend at trial in Canada and enclosing a copy of the transcript of the proceedings of the commission held in the GST appeal in 2006 for Mr. Sloan's reference. Attached to this my Affidavit and marked as Exhibit "G" is a true copy of the letter dated September 13, 2010 sent by counsel for the respondent to Mr. Sloan.

16. Upon my review of all of the documents attached to my Affidavit I verily believe that Mr. Sloan possesses information relevant and material to the issue to be tried as Mr. Sloan's evidence will detail the origin and operation of the art donation program at the heart of Mr. Sackman's appeal. Mr. Sloan is the only individual able to give evidence on behalf of Coleman and Silver.

17. Upon my review of all of the documents attached to my Affidavit I verily believe that the issue in this appeal is one that the Court ought to try.

-5-

18.  I make this affidavit *bona fide* and in support of an application by the Attorney General of Canada in the Tax Court of Canada for an Order to obtain evidence from Paul Sloan in California, USA through commission evidence.


SWORN BEFORE me at the City of  )
Toronto, in the Province of Ontario, this  )
day of February, 2011.  )
  )
  )
  )                    Laura Alescio
  )
  )
  )
_____  )
A Commissioner for Oaths in and
for the Province of Ontario

Proposed Exhibit A

MHFeltman Verbatim Reporting

39

Jeffrey Sackman

1    A. Do I have a practice?  I sign an awful

2 lot of things in my professional life.  I don't know that

3 it matters if it's dated a day before and I sign it on the

4 next day.

5 134.   Q. What was your understanding as to the

6 purpose of entering into this agency agreement at Tab 70?

7    A. It's self-explanatory.

8    MR. TEPLITSKY: The agreement speaks for

9 itself.

10 135.   BY MR. DERKSEN: Q. I'm not asking what

11 the agreement says, I'm asking what Mr. Sackman's

12 understanding is as to why he was entering into the

13 agreement.

14    A. To agree with what's written.  I mean,

15 I don't understand that question.

16 136.   Q. So you understood that you were

17 appointing Artistic Ideas as your agent for the purposes of

18 acquiring prints.

19    A. That's what it says.

20 137.   Q. And you understood you were appointing

21 Artistic Ideas as your agent for the purposes of carrying

22 out donations of those prints to charities in return for

23 charitable donation receipts.

24    A. Correct.

25 138.   Q. Is there any issue about the

Proposed Exhibit B

**MHF**

MHFeltman Verbatim Reporting

42

Jeffrey Suckman

1           MR. DERKSEN:  If I said Artistic Ideas, I

2     apologize.

3           MR. TEPLITSKY:  And that's 1998, but, yes,

4     it is his signature, even though I don't consider it

5     relevant, and his signature appears at Tabs 67, 68, and 69.

6     148.         BY MR. DERKSEN:  Q.  So you agree that

7     each of these documents at Tabs 66, 67, 68, and 69 are

8     copies of the purchase agreements that you entered into

9     with respect to your purchases of the art.

10          MR. TEPLITSKY:  Yes.

11    149.         BY MR. DERKSEN:  Q.  In the first three

12    instances, I take it, you understood you were purchasing

13    art from Coleman Fine Arts, and then in the latter

14    agreement in November of 2000, you understood you were

15    purchasing art from Silver Fine Arts.

16          A.  It appears, yes.

17    150.         Q.  Do you know why there was a change

18    between Coleman and Silver?

19          A.  No.

20    151.         Q.  Did you have any understanding of who

21    Coleman Fine Arts Ltd. was?

22          A.  No.

23    152.         Q.  Were you ever told who the principals

24    of Coleman Fine Arts were?

25          A.  No.

Proposed Exhibit C

2003-1855(GST)G

## TAX COURT OF CANADA

BETWEEN:

## ARTISTIC IDEAS INC.

Appellant

and

## HER MAJESTY THE QUEEN

Respondent

## MOTION RECORD

**ROBINS, APPLEBY & TAUB LLP**
Barristers & Solicitors
120 Adelaide Street West
Suite 2600
Toronto, ON  M5H 1T1

**Irving Marks** LSUC#19979H
Tel: 416.360.3329
**Shawn Pulver** LSUC#51129L
Tel: 416.360.3803
Fax: 416.868.0306

Solicitors for the Appellant

2

**TO:**  **PERRY DERKSEN**
Department of Justice
Ontario Regional Office
The Exchange Tower
130 King Street West
Suite 3400, Box 36
Toronto, ON M5X 1K6

Tel: (416) 952-1504
Fax: (416) 973-0810

Counsel for the Respondent

**3**

## INDEX

| TAB | DOCUMENT |
|-----|----------|
| 1 | Notice of Motion |
| 2 | Affidavit of Paul Sloan |

Court No. 2003-1855(GST)G

## TAX COURT OF CANADA
*In the Excise Tax Act, R.S.C. 1985, c. E-15, as amended*

BETWEEN:

### ARTISTIC IDEAS INC.

Appellant

- and -

### HER MAJESTY THE QUEEN

Respondent

### <u>NOTICE OF MOTION</u>

**TAKE NOTICE THAT** the Appellant will make a motion to the Court on Tuesday, September 5, 2006, at 9:30 a.m., or as soon after that time as the motion may be heard at 180 Queen Street West, Suite 200, Toronto, Ontario.

**THE MOTION IS FOR:**

    (a)    An Order granting the Appellant leave to file the Affidavit of Mr. Paul Sloan, sworn August 28, 2006, with cross-examination and re-examination to be conducted by telephone or video conference; or

    (b)    An Order permitting the evidence of Mr. Paul Sloan to be taken by video or telephone conference; or

    (c)    An Order to allow for the evidence of Mr. Paul Sloan to be taken by commission in California; or

    (d)    Such further or other Order as this Court deems just.

2

**THE GROUNDS FOR THIS MOTION ARE:**

(a)  The Appellant wishes to call Mr. Paul Sloan, a resident of California, as a witness at trial;

(b)  On August 28, 2006, Mr. Sloan swore an Affidavit concerning his companies' dealings with the Appellant;

(c)  Mr. Sloan is 70 years-old, and has recently become concerned about flying in light of increased terrorism concerns;

(d)  As the date for attendance in Toronto approached, Mr. Sloan decided that he did not want to travel to Toronto;

(e)  Mr. Sloan's advisor informed the Appellant's counsel on August 29, 2006, of his decision not to fly to Toronto.

(f)  Although Mr. Sloan is not prepared to fly to Toronto, he is willing to testify via either phone or video conference, or in person in California;

(g)  The Appellant is willing to pay the costs of either the video conference or commissioning the evidence as may be ordered;

(h)  Mr. Sloan is a material witness. The Appellant will be unduly prejudiced if not granted leave to obtain his evidence;

(i)  Sections 143(1)(a), 4(1) and (2), 9, 119-122 of the *Tax Court of Canada Rules (General Procedure)*.

3

**THE FOLLOWING DOCUMENTARY EVIDENCE** will be used at the hearing of the motion:

    (a)    Affidavit of Paul Sloan, sworn August 31, 2006;

    (b)    Such other evidence as this Honourable Court may permit.

Date: Friday, September 1, 2006

                        **ROBINS, APPLEBY & TAUB LLP**
                        Barristers & Solicitors
                        120 Adelaide Street West
                        Suite 2600
                        Toronto, ON M5H 1T1

                        **Irving Marks** LSUC#19979H
                        Tel: 416.360.3329
                        **Shawn Pulver** LSUC#51129L
                        Tel: 416.360.3803
                        Fax: 416.868.0306

                        Solicitors for the Appellant

TO:    **PERRY DERKSEN**
          Department of Justice
          Ontario Regional Office
          The Exchange Tower
          130 King Street West
          Suite 3400, Box 36
          Toronto, ON M5X 1K6

          Tel: (416) 952-1504
          Fax: (416) 973-0810

          Counsel for the Respondent

r:\files\0600073\im\pleadings\notice of motion.doc

2003-1855(GST)G

## TAX COURT OF CANADA

**BETWEEN:**

### ARTISTIC IDEAS INC.

Appellant

- and -

### HER MAJESTY THE QUEEN

Respondent

---

### NOTICE OF MOTION

---

Robins, Appleby & Taub LLP
Barristers & Solicitors
120 Adelaide Street West
Suite 2600
Toronto, ON  M5H 1T1

**Irving Marks** LSUC#19979H
Tel: 416.360.3329
**Shawn Pulver** LSUC#51129L
Tel: 416.360.3803
Fax: 416.868.0306

Solicitors for the Appellant

2003-1855(GST)G

## TAX COURT OF CANADA

BETWEEN:

### ARTISTIC IDEAS INC.

Appellant

and

### HER MAJESTY THE QUEEN

Respondent

## AFFIDAVIT OF PAUL SLOAN

I, PAUL SLOAN, of the City of Woodland Hills, in the State of California, MAKE
OATH AND SAY AS FOLLOWS:

1.      I am the President and sole shareholder of Coleman Fine Arts Ltd. and Silver Fine Arts Ltd.,
which are incorporated pursuant to and do business under the laws of California, and as such have
knowledge of the facts to which I depose.

2.      Over the past several weeks, I, together with my advisors, Mr. Glen Alpert and Elliot Kajan
have had discussions with the lawyers for Artistic Ideas Inc. ("Artistic"), in preparation for my
attendance as a witness at Artistic's income tax appeal, commencing on September 5, 2006, in
Toronto, Ontario, Canada.

3.      On August 28, 2006, I swore an Affidavit concerning my companies' dealings with Artistic.

4.      I am 70 years old, and recently have become scared about flying in light of increased terrorism
concerns. I am of Jewish descent and the increase of anti Semitism throughout the Middle East and
United States has me concerned for my safety as well as Jews worldwide.  As the date for attendance

2

in Toronto approached, I decided under concerns from my family and friends that I could not travel until the threats of terrorism dissipate.

5.       Mr. Alpert informed Mr. Marks, counsel for Artistic, on August 29, 2006, of my decision and my fears of travel at this time.  Although I will not travel, I am willing to testify via either phone or videoconference, or in person in California.

SWORN before me at the City of            )
                  , In the State of      )
California,                               )
This        day of, 2006.                )
                                         )       _____
A Commissioner, Notary, etc.             )       Paul Sloan

PLEASE SEE ATTACHED CALIFORNIA CERTIFICATE

r:\files\060003\im\pleadings\affidavit of p. sloan #2.doc

## JURAT

State of California

County of _San Diego_

Subscribed and sworn to (~~or affirmed~~) before me on

this __31st__ day of _____ _August_ ,20_06_ ,

by _Paul Sloan_

personally known to me or proved to me on the basis of satisfactory
evidence to be the person(s) who appeared before me.

BERRIE A. SYREK
Commission # 1559804
Notary Public - California
San Diego County
My Comm. Expires Mar 15, 2009

(seal)                    Signature _Berrie A. Syrek_

2003-1855(GST)G

## TAX COURT OF CANADA

**B E T W E E N :**

### ARTISTIC IDEAS INC.

Appellant

- and -

### HER MAJESTY THE QUEEN

Respondent

---

## .MOTION RECORD

---

Robins, Appleby & Taub LLP
Barristers & Solicitors
120 Adelaide Street West
Suite 2600
Toronto, ON M5H 1T1

**Irving Marks** LSUC#19979H
Tel: 416.360.3329
**Shawn Pulver** LSUC#51129L
Tel: 416.360.3803
Fax: 416.868.0306

Solicitors for the Appellant

Proposed Exhibit F

**Department of Justice**
**Canada**

Department of Justice
Tax Law Services
Bank of Canada Building
East Tower, 9th Floor
Room 909
Ottawa, Ontario
K1A 0H8

Ministère de la Justice
Canada

Section des Services du droit fiscal
Édifice Banque du Canada, Tour Est
234, rue Wellington
Ottawa, Ontario
K1A 0H8

Tél:    (613) 957-4814
Fax:    (013) 941-2293
Email:  Martin.Beaudry@justice.gc.ca

Our File:
Notre dossier:   3-504992

Your File:
Votre dossier:

August 25, 2010

**VIA PRIORITY POST**

Paul Sloan
6041 Fenwood Avenue
Woodland Hills, CA
91367-3117

Dear Sir:

**Re:    SACKMAN, Jeffrey v. H.M.Q.**
**Court File No.:  2002-4824(IT)G**

We are writing with respect to the above noted appeal currently before the Tax Court of Canada. This appeal involves donation of artwork acquired from you in 1998, 1999 and 2000. We would like to discuss this appeal with you at your earliest convenience. In particular we believe that your evidence is critical to this appeal and we would like to discuss your attendance in Toronto, Ontario, to give evidence at the hearing of this matter.

We look forward to your reply. You may contact the undersigned by telephone or if you prefer, by email to arrange a telephone discussion.

Yours truly,

Martin Beaudry
Counsel
Tax Law Services

c.c.    CRA

Canadä

Proposed Exhibit G



| **Department of Justice** | **Ministère de la Justice** | | |
|---|---|---|---|
| **Canada** | **Canada** | | |
| Department of Justice | Section des Services du droit fiscal | Tel: | (613) 957-4814 |
| Tax Law Services | Édifice Banque du Canada, Tour Est | Fax: | (613) 941-2293 |
| Bank of Canada Building | 234, rue Wellington | Email: | Martin.Beaudry@justice.gc.ca |
| East Tower, 9th Floor | Ottawa, Ontario | | |
| Room 909 | K1A 0H8 | *Our File:* | **3-504992** |
| Ottawa, Ontario | | *Notre dossier:* | |
| K1A 0H8 | | | |
| | | *Your File:* | |
| | | *Votre dossier:* | |

September 13, 2010

**VIA PRIORITY POST**

Paul Sloan
6041 Fenwood Avenue
Woodland Hills, CA
91367-3117

Dear Sir:

**Re:    SACKMAN, Jeffrey v. H.M.Q.**
**Court File No.:  2002-4824(IT)G**

Further to our telephone conversation held on September 8, 2010, we wish to confirm that you will not travel to Toronto, Ontario, to attend at trial as a witness. As such, the only other way to obtain your testimony at trial will be for us to move before the Tax Court of Canada for an Order for the taking of commission evidence in California.

We understand that you already testified in a similar commission held in California by the Tax Court of Canada in November 2006 in the matter of Artistic Ideas Inc. v. Her Majesty The Queen, 2003-1855(GST)G. We are enclosing with this letter a copy of the transcript of the proceedings for your reference. The evidence we are seeking from you in the present appeal is very similar to the evidence you gave during that commission in 2006.

Yours truly,

*Martin Beaudry*

Martin Beaudry
Counsel
Tax Law Services

Encl.

c.c.    CRA

**Canadä**

T

**THIS IS EXHIBIT "T"**
**referred to in the affidavit of**
**Laura Alescio**
This _30th_ day of September, 2011

**Commissioner for Taking Affidavits**

-Mar-2011  02:52pm   From-Teplitsky Colson LLP                    +4163859936           T-673   P.001/003   F-040



 **TEPLITSKY, COLSON** LLP
B A R R I S T E R S

Suite 200, 70 Bond Street
Toronto, Ontario
M5B 1X3
Telephone: (416) 365-9320
Facsimile: (416) 365-7702

# FAX COVER SHEET

DATE:                    March 1, 2011

No. of Pgs.              3

TO:                      **MARTIN BEAUDRY**
FIRM:                    Department of Justice Canada
FAX NO.:                 (613)941-2293

FROM:                    **MARTIN TEPLITSKY, Q.C.**
FIRM:                    Teplitsky, Colson LLP

FILE NO:                 19287

COMMENTS/SPECIAL INSTRUCTIONS:


IN CASE OF TRANSMISSION PROBLEMS, PLEASE CALL (416) 365-9320.


The information and documents contained in this facsimile transmission are confidential and protected by solicitor-client and/or solicitor work product and/or litigation privilege. Such information and documents are intended only for disclosure to and the use of the corporate or natural person named above and the privileges and confidentiality are not waived by virtue of having been sent by facsimile. If the person actually receiving this facsimile transmission, or any other reader, is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, transmission, distribution or copying, in any manner or form whatsoever, is strictly prohibited. Failure to comply with the foregoing prohibition may result in the breach of certain laws and/or the infringement of legal and equitable rights which may attract liability. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address by regular mail. Thank you in advance for your cooperation.

 **TEPLITSKY, COLSON** LLP
BARRISTERS

Suite 200, 70 Bond Street
Toronto, Ontario
M5B 1X3
Telephone: (416) 365-9320
Facsimile: (416) 365-7702

MARTIN TEPLITSKY Q.C,.LSM, LL.D
Direct line: (416) 865-5300
email: mteplitsky@teplitskycolson.com

March 1, 2011

**Via Fax**

Mr. Martin Beaudry
Department of Justice Canada
Tax Law Services
Bank of Canada Building
East Tower, 9th Floor
Room 909
Ottawa, ON K1A 0H8

Dear Mr. Beaudry:

**Re: Sackman, Jeffrey ats. H.M.Q. Court File No. 2002-4824(IT)G
Our File No. 19287**

Further to your letter of February 25, 2011, we have given serious consideration to your request. However, for the following reasons we cannot consent to your motion:

(i) Mr. Sloan's evidence is not material. The CRA knows how much Mr. Sackman paid for the art. Based on prior authorities that is the least amount that he will receive as a tax credit. Based upon the Crown's position that there is a "tax donation market" the price paid by Mr. Sackman is the price in that market;

(ii) To the extent that Mr. Sloan was involved with Artistic Ideas Inc. ("Artistic") we already went through an extensive exercise to have a representative of Artistic produced for discovery. The Crown should have brought this motion at that time with respect to Mr. Sloan. The Crown's request will delay matters. My client is anxious, as he has been throughout these proceedings to have the matter finally resolved;

(iii) The Crown has already examined Artistic. A representative of Artistic will be compellable to attend trial as a witness in Ontario. Artistic can give evidence about the "tax scheme". Mr. Sloan is redundant.

2

If you intend to proceed with your motion, please contact us to arrange a mutually convenient time for the hearing of the motion.

Yours truly,

MARTIN TEPLITSKY, Q.C.

1

## PART I – OVERVIEW

*The problem with the claim here, whereby property is acquired for $5 to $50, sold to the appellant for $3,000 and claimed to have a fair market value two days later of $10,000 is that it is devoid of common sense and out of touch with ordinary commercial reality.*

Former Chief Justice Bowman in *Klotz v. R.*

1. This appeal is to determine the fair market value of prints donated by the appellant to various charities in the 1999 and 2000 taxation years. During these years, the appellant participated in a buy low/donate high art donation program marketed by Artistic Ideas Inc. ("Artistic"). Artistic sourced the prints from Coleman Fine Arts ("Coleman") and Silver Fine Arts ("Silver"), both owned by Paul Sloan, a resident of California.

2. Mr. Sloan's evidence is material to the respondent's case. It is necessary for the respondent to establish the source and the cost of the prints donated in the Artistic program, as well as the nature of the donation program itself. The only way the respondent can obtain Mr. Sloan's evidence is to secure a direction for the taking of evidence by commission held in California. All of the respondent's attempts to secure Mr. Sloan's evidence by other means have been unsuccessful.

## PART II – SUMMARY OF FACTS

3. The Artistic program, operated by Mark Pearlman and Alan Grossman, was marketed to potential donors as a tax avoidance arrangement.[1] Donors were told they would benefit from their participation by receiving a large discount on their taxes. Promotional

---

[1] Further Amended Reply to the Amended Notice of Appeal (the "Reply"), subpara. 11 (a).

documents advertised that for an investment of $3,500, donors would receive a donation receipt in the amount of $10,000, a 39.29% return on their investment.[2]

4. The appellant participated in the Artistic Program in each of the 1998, 1999 and 2000 taxation years.[3] The appellant purchased groups of prints from Artistic, as agent of Coleman and Silver.[4] Mr. Sloan, through Coleman and Silver, paid Artistic a fee equivalent to 50% of his gross income from the sale of the artwork.[5]

### Respondent has Made Every Attempt to Obtain Admissions of Relevant Facts

5. The respondent pleads a number of facts concerning the acquisition cost of the art and Mr. Sloan's involvement with the program.[6] Over the long history of Mr. Sackman's appeal, the respondent has made numerous attempts to secure this information in an expeditious manner. These attempts to obtain information have been unsuccessful.

6. Beginning in 2004, the respondent wrote the appellant asking for the cost of artwork and Mr. Sloan's role in the program. The appellant declined the Crown's request for assistance in obtaining this information.[7]

7. In 2006 and 2007, during examination for discovery, the respondent asked the appellant to provide information concerning the cost of artwork and the origins of the donation program. The respondent was again not able to obtain this information.[8]

---

[2] "Artistic Expressions '99" document, at Tab 2-A of the Respondent's Motion Record (the "Record").
[3] Reply, subpara. 11. (j).
[4] Examination for Discovery Transcript of Jeffrey Sackman (the "Transcript"), page 39, at Tab 2-C of the Record.
[5] *Artistic Ideas v Canada (MNR)*, 2008 TCC 452, [2008] TCJ no 413 at paras 24 and 102 (QL), at Tab 2-B of the Record.
[6] Reply, para. 11.
[7] Letter to Teplitsky, Colson dated September 7, 2004, at Tab 2-I of the Record; and Letter to Department of Justice, dated September 8, 2004, at Tab 2-J of the Record.
[8] Transcript, pages 157 to 162, at Tab 2-G of the Record.

3

8.  The information the respondent was seeking was very similar to that provided by Mr. Sloan during a commission held in 2006 in another tax appeal (the "Artistic appeal"). In an effort to avoid the cost of another commission, the respondent served on the appellant a Request to Admit pursuant to section 130 of the *Tax Court of Canada Rules (General Procedure)* (the "Rules").[9] The admissions sought included many findings of fact made in the Artistic appeal, including:

a)  Mr. Sloan entered into an agreement with Mark Pearlman and Allan Grossman to set up an art donation program in Canada;

b)  Mr. Sloan, Pearlman and Grossman agreed that Mr. Sloan, through Coleman, and later Silver, would give Artistic a 50 percent commission on any artwork that they sold; and

c)  Mr. Sloan paid for the appraisals provided by Leslie Fink and Edith Yeomans.

9.  By letter dated August 23, 2010, the appellant advised the respondent that he had no knowledge of and refused to admit any of the facts or documents included in the Request to Admit.[10]

### *Respondent Attempts to Secure Mr. Sloan's Agreement to Attend Hearing*

10. Counsel for the respondent wrote to Mr. Sloan to make initial contact and to discuss Mr. Sloan's voluntary attendance as a witness for the respondent at the hearing.[11]

---

[9] Request to Admit, dated August 19, 2010, at Tab 2-O of the Record.
[10] Letter to Department of Justice, dated August 23, 2010, at Tab 2-P of the Record.
[11] Letter to Paul Sloan, dated August 25, 2010, at Tab 2-Q of the Record.

4

11. During a telephone conversation with counsel for the respondent, Mr. Sloan indicated he would not voluntarily attend at trial in Canada.[12]

12. Counsel for the respondent wrote to Mr. Sloan confirming his refusal to attend at trial in Canada and enclosing a copy of the transcript from the commission held in the Artistic appeal in 2006 for his reference.[13]

13. The respondent wrote to the appellant to inquire as to whether he would consent to a motion seeking the evidence of Mr. Sloan in California by way of commission.[14] The appellant refused to consent,[15] thus necessitating this motion.

### *Mr. Sloan's evidence necessary to refute appellant's documents*

14. The appellant provided the respondent with documents he says he will rely on as part of an expert report. Among these documents are receipts from Ro Gallery in New York that he intends to rely on as evidence of the so-called retail market for the prints.[16]

15. The respondent has listed documents that challenge this so-called retail market and establish that Ro Gallery supplied prints to Mr. Sloan, for use in the Artistic program, at prices far below the so-called retail sales that the appellant intends to tender.[17]

---

[12] Affidavit of Laura Alescio sworn September 30, 2011, paragraph 19, at Tab 2 of the Record.
[13] Letter to Paul Sloan dated September 13, 2010, at Tab 2-R of the Record.
[14] Letter to Teplitsky Colson dated February 25, 2011, at Tab 2-S of the Record.
[15] Letter to the Department of Justice, dated March 1, 2011, at Tab 2-T of the Record.
[16] Invoices from Ro Gallery, at Tab 2-F of the Record; and pages 197-214 of the Transcript, at Tab 2-E of the Record.
[17] Invoices and Documents Listed in the Respondent's 2nd Supplementary List of Documents, at Tab 2-N of the Record.

5

## PART III – ISSUE

16. The issue in this motion is whether this Court should allow the Crown's motion and issue a direction for a commission to be held in California for the taking of Paul Sloan's evidence before trial.

## PART IV – ARGUMENT

17. The procedure for obtaining a commission is set out in sections 112 and 119 through 122 of the *Rules.* This is an appropriate case for the Court to issue a commission authorizing the taking of Mr. Sloan's evidence and a letter of request to the United States District Court for the Central District of California pursuant to sections 112 and 119 of the *Rules.*

### *Direction for a Commission*

18. Before a commission will be issued, the court must be satisfied that: a) the application is *bona fide*; b) the issue is one which the court ought to try; c) the witness to be examined can give evidence material to the issue; and d) there is some good reason why the witness cannot be examined within the jurisdiction.[18]

#### *a) The application is made bona fide*

19. Mr. Sloan's evidence is sought for purposes of this appeal. There is no evidence that it is sought for some other or improper purpose.

20. There is evidence before this Court that the respondent has made every effort to obtain evidence concerning the creation of the donation market through acquisition of prints

---

[18] *Crestbrook Forest Industries Ltd v Canada,* [1993] FCR 251 at p 13, footnote 13 (FCA), [1993] FCJ No. 361, Respondent's Book of Authorities ("R's BOA"), Tab 4. See also *Glaxosmithkline v Canada,* 2005 TCC 621, [2005] TCJ no 445 (QL) at para. 12, R's BOA, Tab 5.

6

later sold to donors, and that these efforts have been thwarted, leaving the respondent no option but to seek a commission.

21. The fact that the Crown conducted a third-party discovery of Artistic should have no bearing on whether this Court should grant the taking of Mr. Sloan's evidence by way of commission. The third-party discovery of Artistic was limited, by Court Order, to details concerning the size and volume of the donation market.[19] Further, much if not all of any testimony given by representatives of Artistic at trial with respect to how Coleman and Silver conducted its business in the Artistic Program would constitute hearsay. The testimony of Paul Sloan is essential and is sought in good faith.

### b) The Issue is One the Court Ought to Try

22. The appellant is entitled to appeal the Minister of National Revenue's determination, and the respondent is entitled to respond to such an appeal. In an earlier motion where this appellant refused the respondent access to material evidence, the Federal Court of Appeal held that the respondent is entitled to "put its best foot forward in this litigation".[20]

### c) Paul Sloan's Evidence is Material to the Issue

23. For evidence to be "material" it must be directed at a matter in issue.[21] Mr. Sloan's evidence is directed to a matter at issue in this appeal, namely the relevant market to be referenced by the Court when determining the fair market value of the artwork donated by the appellant.

---

[19] *Sackman v Canada*, 2008 FCA 177 at para 12, 2008 DTC 6407 [*Sackman*], at Tab 2-H of the Record.
[20] *Ibid* at para 19.
[21] David M. Paciocco, *The Law of Evidence*, 5th ed (Toronto: Irwin Law, 2008) at p. 27 – 29, R's BOA, Tab 18.

24. The Artistic Program is one of many art flip schemes that operated during the mid to late 1990's and early 2000's.[22] This Court and the Federal Court of Appeal agree that the fair market value of artwork donated as part of these schemes is equal to the price paid by the taxpayer to acquire the artwork.[23]

25. The circumstances leading to the donation are material to appeals from determinations of fair market value of artwork. This Court, in other decisions, has considered the origins of art donation programs, as well as the cost of the artwork to the promoters when reaching a determination of fair market value.[24]

26. The respondent's theory of the case is that there was no identifiable market for the prints before Coleman, Silver and Artistic created a market through the donation program. Mr. Sloan is able to give evidence concerning the origins of the donation program and the absence of any discernible market for the artwork before it was packaged as part of the Artistic program. His testimony is also necessary to authenticate documents necessary to challenge the appellant's anticipated expert evidence.

### d) Witness Cannot Be Examined in the Jurisdiction

27. Paul Sloan lives in the United States of America and as such, the respondent can not compel him to attend at trial.[25] Accordingly, the respondent has no alternative but to seek leave to conduct a commission in the United States of America in order to obtain evidence from Mr. Sloan.

---

[22] *Sackman, supra* note 20 at para 6, R's BOA, Tab 6. See also: *Nguyen v Canada*, 2008 TCC 401, 2008 DTC 4390 [*Nguyen*], R's BOA, Tab 11 and *Russell v Canada*, 2009 TCC 548, 2009 DTC 1371 [*Russell*], R's BOA, Tab 14.

[23] *Klotz v Canada*, 2004 TCC 147 aff'd 2005 FCA 158, leave to appeal to SCC refused, [2005] SCCA no 286 (QL) [*Klotz*], R's BOA, Tab 7. See also : *Nash v Canada*, 2005 FCA 386, leave to appeal to SCC refused, [2006] SCCA no 20 (QL), R's BOA, Tab 10 and *Nguyen, supra* note 23, R's BOA, Tab 11; *Russell, supra* note 23, R's BOA, Tab 14.

[24] *Nguyen, supra* note 23 at paras 11, 12, 14, 15 and 24, R's BOA, Tab 11; *Russell, supra* note 23 at paras 7, 8, 10, 11, 12 and 13, R's BOA, Tab 14; *Klotz, ibid* at paras 11, 12, 13, 14 15, 40(a)(vii) and 56, R's BOA, Tab 7.

[25] *Lido Industrial Products Ltd v Teledyne Industries*, [1979] 1 FCR 310, [1978] FCJ no 132 at paras 12 & 13, R's BOA, Tab 8.

8

*Appellant's Affidavit*

28. Mark Pearlman swore an affidavit in support of the appellant in this motion. Mr. Pearlman's affidavit does not contain any statement that establishes or even implies that the appellant would suffer any prejudice if the respondent were able to adduce the evidence of Mr. Sloan. Moreover, paragraphs 4, 6 and 7 of Mr. Pearlman's affidavit contain opinion and simply reiterate the appellant's arguments. These paragraphs are not statements of fact and are improperly included in an affidavit.[26] Accordingly, the respondent asks that this Court disregard these improper statements of opinion and argument.

29. Beyond including contents of the March 11, 2011 letter already reproduced in the Respondent's Motion Record, the only statement in Mr. Pearlman's affidavit relevant to this motion is his belief that he will be able to give evidence with respect to the origin and operation of the art donation program.[27] While Mr. Pearlman will be able to give evidence with respect to Artistic's role in the donation program as Coleman and Silver's agent, he cannot give first-hand evidence with respect to Coleman and Silver's role in the program, how Mr. Sloan acquired the artwork or how much Mr. Sloan paid to acquire artwork.

30. Mr. Sloan is the best source of evidence with respect to the cost of the artwork to the Artistic program. Mr. Sloan is able to attest that his companies, Coleman and Silver, purchased the donated artwork from Ro Gallery, the very gallery that the appellant's potential expert witnesses claim provided them with evidence of so-called retail sales.

---

[26] *4145356 Canada Limited v The Queen*, 2010 TCC 613 at para 11, 2011 DTC 1041, R's BOA, Tab 2. See also: *Ray v HMQ*, 2003 FCA 317 at paras 12 &13, 2003 DTC 5596, R's BOA, Tab 12.
[27] Affidavit of Mark Pearlman, sworn October 6, 2011, paragraph 10.

31. The appellant, acting in concert with Artistic, has attempted to prevent the respondent, and by extension this Court, from having access to information material to this appeal. The appellant and Artistic refused to provide information concerning the operation of the art donation program to the respondent both before, and during, the discovery process. The appellant has still not identified any other means available to the respondent for securing evidence concerning the acquisition of artwork and the cost of the artwork to Mr. Sloan.

***Requirements of s. 112 of the Rules***

32. The respondent has investigated the procedures required to obtain a subpoena compelling Mr. Sloan's attendance at a commission.[28] The respondent submits that Mr. Sloan ought to be paid attendance fees in accordance with those paid all witnesses before the Tax Court of Canada. These amounts exceed the amounts required to be paid to United States witnesses.[29]

33. The respondent asks that this commission be scheduled as soon as is practicable. The respondent anticipates that no more than one day will be required for the examination and cross-examination of this witness. The parties will require one travel day before and after the commission. If this Honourable Court grants the direction sought, the respondent requests that a case management conference be held in order to discuss scheduling and other practical matters. The respondent submits that this would also be an appropriate time for the parties and the Court to discuss scheduling the hearing of this appeal.

---

[28] Kenneth C. MacDonald, *Cross-Border Litigation: Interjurisdictional Practice and Procedure*, (Aurora: Canada Law Book, 2009) at p. 189 to 191, R's BOA, Tab 17. See also: *California Code of Civil Procedure*, § 2029.100 – 2029.900 (2004), R's BOA, Tab 15.

[29] *United States Code*, Title 28, §. 1821, R's BOA, Tab 16.

10

34. The respondent will pay the travel expenses of the commissioner. This expense, as well as the expenses incurred by the parties to attend the commission, will be disbursements for costs purposes, potentially recoverable in accordance with the award of costs made by this Court. The respondent asks that the travel costs of the parties to attend the examination be restricted to no more than $3,000.

**Leave of the Court pursuant to Section 119 of the Rules**

35. Section 119 of the *Rules* provides that a party may, with leave of the Court, examine a person on oath or affirmation before the hearing for the purpose of having the person's testimony available to be tendered as evidence at the hearing. Section 119 sets out criteria that the Court shall take into account when exercising its discretion to direct such an examination. The respondent relies on, in particular, paragraph 119(2)(c) which deals with the possibility that the person, here Mr. Sloan, will be beyond the jurisdiction of the Court at the time of the hearing.

**Conclusion**

36. The respondent will be prejudiced if she is not permitted to adduce the evidence of a witness in possession of evidence material to her theory of the case. It would be open to the appellant to argue that an adverse inference ought to be drawn if the respondent did not call a witness, even a witness outside of the Tax Court of Canada's jurisdiction.[30]

37. The respondent has pursued every avenue open to her to establish the relevant facts to which only Mr. Sloan can attest. The appellant has taken full advantage of his prerogative to refuse to admit relevant facts, including findings made by this Court, and

---

[30] *Morely v Canada,* 2004 TCC 280 (TCC), affirmed 2006 FCA 171 (FCA) at para. 65 and footnote 68, R's BOA, Tab 9

11

as a result the respondent has no alternative but to seek the evidence of Mr. Sloan through commission.

38. The denial of access to highly material information diminishes any court's ability to do justice.[31] The appellant's repeated attempts to control access to evidence impact this Court's ability to make a fair and reasoned determination in this appeal. Without the direction of this Court for a commission, the evidence of Paul Sloan will not be available as Mr. Sloan has made it clear he will not voluntarily attend hearing in Canada.

39. In the event that the Justice of this Court appointed to hear the commission will not be the hearing judge, the respondent asks that the commission be videotaped pursuant to section 122 of the Rules.

**PART V – ORDER SOUGHT**

40. The respondent requests that her motion for the issuing of a commission for the purpose of taking Paul Sloan's evidence in California prior to trial pursuant to sections 112, 119, 120, 121 and 122 of the *Tax Court of Canada Rules* (*General Procedure*) be granted with costs awarded forthwith.

ALL OF WHICH IS RESPECTFULLY SUBMITTED.

---

[31] *France (Republic) v De Havilland Aircraft of Canada Ltd. and Byron-Exarcos* (1991), 3 OR (3d) 705 (Ont CA) at para 40, [1991] OJ no 1038 (QL), R's BOA, Tab 13.

**Exhibit E**

3-504992
JC



Tax Court of Canada
October 24, 2011

Cour canadienne de l'impôt

Jenna L. Clark
Department of Justice
Tax Litigation Section
Suite 3400, Box 36, 130 King Street West
Toronto, Ontario    M5X 1K6

Dear Sir/Madam:

RE:    Jeffrey Sackman
v. Her Majesty the Queen
2002-4824(IT)G

We enclose herewith a certified true copy of the Order and Reasons for Order in the above-noted matter.

Yours truly,

For the Registrar



Encl.

ACCESS ALL COMMUNICATIONS TO THE REGISTRAR

ADDRESSER TOUTE DEMANDE AU GREFFIER

TEL. TÉL. : 1-800-927-5499

PRINCIPAL OFFICE/BUREAU PRINCIPAL
200 KENT STREET
200, RUE KENT
OTTAWA, ONTARIO K1A 0M1
TEL./TÉL. : (613) 992-0901
FAX : (613) 957-9034

REGIONAL OFFICE/BUREAU REGIONAL
30 MCGILL STREET
30, RUE MCGILL
MONTREAL, QUEBEC
MONTREAL (QUÉBEC) H2Y 3Z7
TEL./TÉL. : (514) 283-9912
FAX : (514) 496-1996

REGIONAL OFFICE/BUREAU REGIONAL
SUITE 200 / BUREAU 200
180 QUEEN STREET WEST
180, RUE QUEEN OUEST
TORONTO, ONTARIO
TORONTO (ONTARIO) M5V 3L6
TEL./TÉL. : (416) 973-9181
FAX : (416) 973-5944

REGIONAL OFFICE/BUREAU REGIONAL
IBM TOWER / TOUR IBM
SUITE 300 / BUREAU 300
701 WEST GEORGIA STREET
701, RUE WEST GEORGIA
VANCOUVER, B.C.
VANCOUVER (C.-B.) V7Y 1B1
TEL./TÉL. : (604) 666-7987
FAX : (604) 666-7967

ae65IP_AN.doc



Tax Court of Canada                    Cour canadienne de l'impôt

Docket: 2002-4824(IT)G

BETWEEN:

### JEFFREY SACKMAN,

Appellant,

and

### HER MAJESTY THE QUEEN,

Respondent.

Motion heard on October 14, 2011 at Toronto, Ontario

Before: The Honourable Justice Valerie Miller

Appearances:

| | |
|---|---|
| Counsel for the Appellant: | Matthew Sokolsky |
| Counsel for the Respondent: | Martin Beaudry |
| | Jenna Clark |

---

## **ORDER**

UPON motion by the Respondent seeking Directions for leave to examine Paul Sloan in California, USA, before the hearing, on oath or affirmation for the purpose of having his testimony to be tendered as evidence at the hearing of the appeal;

AND UPON hearing the submissions of counsel for both parties;

AND the Respondent having requested the issuance of a Commission and Letter of Request with respect to the witness referred to above;

Page: 2

THE COURT DIRECTS AS FOLLOWS:

1. The evidence of the witness Paul Sloan, 6041 Fenwood Avenue, Woodland Hills, CA 91367-3117, shall be taken on oath or affirmation in California, USA, before the hearing and shall be recorded in California at a time and place to be determined.

2. The Respondent is required to pay witness fees in the amount fixed by the Tax Court of Canada in addition to reasonable expenses incurred by Paul Sloan to be examined by the commission.

3. The Registrar shall prepare and issue a commission naming a judge of the Tax Court of Canada as Commissioner to take the evidence of the witness for use in the hearing.

4. The Registrar shall prepare a Letter of Request addressed to the judicial authorities of the State of California, USA, requesting the issuing of such process as is necessary to compel the witness to attend and be examined before the Commissioner.

THE COURT FURTHER ORDERS THAT:

5. All issues relating to costs with respect to this motion shall be left to the discretion of the trial judge.

6. All expenses incurred by the Commissioner and the Court Registrar with respect to the commission evidence of Paul Sloan shall be paid in advance by way of security referred to in paragraph 10 hereof by the Respondent.

7. Reasonable travel expenses incurred by the Appellant with respect to the commission evidence of Paul Sloan, with the exception of professional fees, shall be reimbursed by the Respondent.

8. The reimbursement of travel expenses incurred by the Appellant shall be limited to economy class travel for two people, hotel costs up to $200 per

Page: 3

night per room, and meals and incidentals at the rates prescribed by the Treasury Board Secretariat for government travelers.

9. With respect to paragraphs 6, 7 and 8 of this Order, the ultimate reimbursement of costs shall be left to the discretion of the trial judge.

10. The Respondent shall deposit with the Tax Court of Canada, on or before November 18, 2011 the initial sum of Cdn $25,000.00 as security for the Court's expenses which shall include the expenses of the Commissioner and Court Registrar.

Signed at Ottawa, Canada, this 21st day of October 2011.


"V.A. Miller"
V.A. Miller J.

I HEREBY CERTIFY that the above document is a true copy of the original filed of record in the registry of the Tax Court of Canada.

Je CERTIFIE que le document ci-dessus est une copie conforme à l'original déposé au greffe de la Cour canadienne de l'impôt.

Dated
fait le

OCT 2 4 2011

For the Registrar / Pour le Greffier

Appeals Processing Clerk/Commis, Traitement des appels



Tax Court of Canada     Cour canadienne de l'impôt

Citation: 2011TCC492
Date: 20111021
Docket: 2002-4824(IT)G

BETWEEN:



JEFFREY SACKMAN,

Appellant,

and

HER MAJESTY THE QUEEN,

Respondent.



**REASONS FOR ORDER**

V.A. Miller J.

[1]     The Respondent has brought a motion in which she seeks Directions authorizing the issue of a commission to examine Paul Sloan, a resident of California, before the hearing of this appeal for the purpose of having his testimony tendered as evidence at the hearing of this appeal. The motion is brought pursuant to sections 112, 119, 120, 121 and 122 of the *Tax Court of Canada Rules (General Procedure)* (the *"Rules"*).

[2]     The main issue in the appeal is the fair market value of prints which were donated by the Appellant to various charities in the 1999 and 2000 taxation years. The Appellant obtained the prints from Artistic Ideas Inc. ("Artistic") who acted as agent[1] for Coleman Fine Arts ("Coleman") and Silver Fine Arts ("Silver"), both of which were owned by Paul Sloan.

[3]     Counsel for the Respondent submitted that Paul Sloan's evidence is material to the Respondent's theory of the case. The Respondent has pled "Further Facts" in its Reply concerning the nature of the donation program as well as the source and cost of the prints to Coleman and Silver. These "Further Facts" were not included in the assumptions made by the Minister of National Revenue (the "Minister") and the Respondent bears the burden of proving them. It is the Respondent's position that only Paul Sloan can give this evidence.

Page: 2

[4]  The affidavit filed by the Respondent established the following facts:

    a) The Appellant appointed Artistic as its agent to donate the prints to charities in return for charitable donation receipts.

    b) The Appellant understood that he purchased art from Coleman and Silver but he had no information how Coleman and Silver obtained the prints.

    c) The Appellant has no knowledge of the cost of the prints to Artistic or Coleman or Silver.

    d) Paul Sloan gave commission evidence in the appeal of *Artistic Ideas Inc. v Canada*, 2008 TCC 452. This evidence would assist the Respondent with its theory of this appeal. The Respondent served the Appellant with a Request to Admit certain facts which were based on the commission evidence given by Paul Sloan and the Appellant has refused to admit any of the facts and documents in the Request to Admit on the basis that he had no knowledge of them.

    e) The Respondent wrote to Paul Sloan to discuss and request his voluntary attendance as a witness at the hearing. During a telephone conversation with counsel for the Respondent, Paul Sloan stated that he would not voluntarily attend at the hearing in Canada.

[5]  In a letter dated March 1, 2011, counsel gave the following reasons for not consenting to the motion;

    (i)  Mr. Sloan's evidence is not material. The CRA knows how much Mr. Sackman paid for the art. Based on prior authorities that is the least amount that he will receive as a tax credit. Based upon the Crown's position that there is a "tax donation market" the price paid by Mr. Sackman is the price in that market;

    (ii)  To the extent that Mr. Sloan was involved with Artistic Ideas Inc. ("Artistic") we already went through an extensive exercise to have a representative of Artistic produced for discovery. The Crown should have brought this motion at that time with respect to Mr. Sloan. The Crown's request will delay matters. My client is anxious, as he has been throughout these proceedings to have the matter finally resolved;

Page: 3

(iii)    The Crown has already examined Artistic. A representative of Artistic will be compellable to attend trial as a witness in Ontario. Artistic can give evidence about the "tax scheme". Mr. Sloan is redundant.

[6]    In exercising my discretion under section 119 of the *Rules* to direct an examination prior to the hearing of the appeal for the purpose of having the person's testimony available to be tendered as evidence at the hearing, I must take into account:

(a) the convenience of the person whom the party seeks to examine,

(b) the possibility that the person will be unavailable to testify at the hearing by reason of death, infirmity or sickness,

(c) the possibility that the person will be beyond the jurisdiction of the Court at the time of the hearing,

(d) the expense of bringing the person to the hearing,

(e) whether the witness ought to give evidence in person at the hearing, and

(f) any other relevant consideration.

[7]    In addition, I must be satisfied that the Respondent has met the tests for commission evidence which have been applied by the courts. Those tests were listed by Addy, J. in *M.N.R. v Javelin Foundries & Machine Works Ltd.*, [1978] C.T.C. 597 (FCTD) as:

13   There is no question but that the granting of a commission is a discretionary matter which must be dealt with according to the particular circumstances of each case. As to the method of exercising that discretion, I am in general agreement with the tests enumerated by Osler, JA in the case of *Ferguson v Millican* (1905), 11 O.R. 35 at 39, which tests were approved and applied by the late Steward, J in *Niewiadomski v Longdon*, [1956] O.W.N. 762. According to these authorities the court must be satisfied that:

1. the application is made bona fide;

2. the issue is one which the court ought to try;

3. the witnesses to be examined can give evidence material to the issue;

4. there is some good reason why they cannot be examined here.

Page: 4

[8]     In the present motion, the application is made *bone fide*; the issue is one which the court ought to try; and, there is good reason why the witness cannot be examined here. The only issue, and indeed the only relevant ground on which the Appellant has opposed this motion, is whether Paul Sloan's evidence is material to this appeal.

[9]     The Respondent has made the following submission:

> 26. The respondent's theory of the case is that there was no identifiable market for the prints before Coleman, Silver and Artistic created a market through the donation program. Mr. Sloan is able to give evidence concerning the origins of the donation program and the absence of any discernible market for the artwork before it was packaged as part of the Artistic program. His testimony is also necessary to authenticate documents necessary to challenge the appellant's anticipated expert evidence.

[10]     There is no doubt that the evidence sought from Paul Sloan is material to the issue in this appeal and to the Respondent's theory of the case. She has been unsuccessful in her attempts to have the transcript of Paul Sloan's commission testimony or the facts that arise from that testimony entered as evidence in this appeal and Paul Sloan has refused to come to Canada.

[11]     The Respondent is entitled "to put its best foot forward in this litigation"[2] and she is entitled to obtain the evidence she needs to accomplish this.

[12]     For these reasons, I direct a Commission and a Letter of Request under section 112 of the *Rules* be issued which authorizes the taking of evidence of Paul Sloan on oath or affirmation in the jurisdiction of California, USA before the hearing of this appeal. I also direct pursuant to section 122 of the *Rules* that the transcript and recording of Paul Sloan's testimony may be used by any party at the hearing of this appeal as the evidence of Paul Sloan. The Commissioner can make the decision whether the taking of Paul Sloan's evidence should be videotaped.

[13]     The motion is allowed. Costs of this motion are left to the discretion of the trial judge.

Signed at Ottawa, Canada, this 21st day of October 2011.

"V.A. Miller"

V.A. Miller J.

I HEREBY CERTIFY that the above document is a true copy of the original filed of record in the registry of the Tax Court of Canada

Je CERTIFIE que le document ci-dessus est une copie conforme à l'original déposé au greffe de la Cour canadienne de l'impôt.

Dated
Fait le                    OCT 2 4 2011

For the Registrar / Pour le Greffier

Page: 5

---

[1] *Artistic Ideas v Canada* (MNR), 2008 TCC 452

[2] *Sackman v Canada*, 2008 FCA 177 at paragraph 19

CITATION:                           2011TCC492

COURT FILE NO.:                     2002-4824(IT)G

STYLE OF CAUSE:                     JEFFREY SACKMAN AND
                                    THE QUEEN

PLACE OF HEARING:                   Toronto, Ontario

DATE OF HEARING:                    October 14, 2011

REASONS FOR ORDER BY:               The Honourable Justice Valerie Miller

DATE OF ORDER:                      October 21, 2011

APPEARANCES:

    Counsel for the Appellant:      Matthew Sokolsky
    Counsel for the Respondent:     Martin Beaudry
                                    Jenna Clark

COUNSEL OF RECORD:

    For the Appellant:

        Name:                    Matthew Sokolsky
        Firm:                    Teplitsky, Colson

    For the Respondent:                 Myles J. Kirvan
                                    Deputy Attorney General of Canada
                                    Ottawa, Canada

**Exhibit  F**



Tax Court of Canada     Cour canadienne de l'impôt

Docket: 2002-4824(IT)G

BETWEEN:

### JEFFREY SACKMAN,

Appellant,

and

### HER MAJESTY THE QUEEN,

Respondent.

### LETTER OF REQUEST

TO THE JUDICIAL AUTHORITIES OF the United States of America;

PROCEEDINGS ARE PENDING in this Court between the Appellant and the Respondent.

IT HAS BEEN SHOWN TO THIS COURT that it appears necessary for the purpose of justice that witnesses residing within your jurisdiction be examined there.

THIS COURT HAS ISSUED A COMMISSION to the Honourable Valerie Miller, Justice of the Tax Court of Canada in Ottawa, Ontario, providing for the examination of PAUL SLOAN in the United States. The last known address of the witness is as follows:

> Paul Sloan
> 6041 Fernwood Avenue
> Woodland Hills, CA
> 91367-3117

YOU ARE REQUESSTED in furtherance of justice, to locate and to cause PAUL SLOAN and, on consent of the parties, any other witness who may be found in your jurisdiction, to appear before the Commissioner by the means ordinarily

Page: 2

used in your jurisdiction, if necessary, to secure attendance, and to answer questions under oath or affirmation.

YOU ARE ALSO REQUESTED to permit the Commissioner to conduct the examination of the witness in accordance with the *Tax Court of Canada Rules (General Procedure)* and the Commission issued by this Court.

THIS LETTER OF REQUEST is signed and sealed by direction of the Court made on December 19th, 2012.

DATED at Ottawa, Canada, this 19th day of December 2012.

Issued by   "Chantal Mrak"
         CHANTAL MRAK
         REGISTRAR

         200 Kent Street
         Ottawa, ON    K1A 0M1
         Telephone:(613) 944-7758
         Fax:     (613) 957-9034

I HEREBY CERTIFY that the above document is a true copy of the original issued out of the Registry of the Tax Court of Canada the 20th of December 2012. Dated this 20th day of December 2012.

Dominique Lamoureux
For the Registrar
Tax Court of Canada

**Exhibit G**

## Beaudry, Martin

| | |
|---|---|
| **From:** | Paul Sloan [psloan@sbcglobal.net] |
| **Sent:** | 2012-Nov-27 4:38 PM |
| **To:** | Beaudry, Martin |
| **Subject:** | RE: Sackman v. The Queen |

i will accept service.    paul sloan

---

**From:** Beaudry, Martin [mailto:Martin.Beaudry@justice.gc.ca]
**Sent:** Tuesday, November 27, 2012 1:29 PM
**To:** psloan@sbcglobal.net
**Subject:** Sackman v. The Queen

Mr. Sloan,

As per our telephone conversation of this afternoon, would you please confirm that you will be accepting service of the subpoena which will be issued for your attendance at the commission in California.

Thank you.

Martin Beaudry
A/Deputy Director - Directeur adjoint p.i.

Tax Law Services - Services du droit fiscal
Department of Justice Canada - Ministère de la Justice Canada

Bank of Canada Building - Édifice Banque du Canada

234 Wellington Street

Ottawa, Ontario

K1A 0H8

Tel: 613.957.4814
Fax: 613.941.2293
Email: martin.beaudry@justice.gc.ca